**RUSING LOPEZ & LIZARDI, PLLC**
Mark D. Lammers (AZ # 010335)
6363 North Swan Road, Suite 151
Tucson, AZ 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262
mdlammers@rllaz.com

*Local Counsel for Lead Plaintiff Movant*
*Charles M. Francisco, III*

**KAHN SWICK & FOTI, LLC**
Kim E. Miller *(pro hac vice to be submitted)*
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3732
Facsimile: (504) 455-1498
kim.miller@ksfcounsel.com

*Counsel for Lead Plaintiff Movant*
*Charles M. Francisco, III and*
*Proposed Lead Counsel for the Class*

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| Pranay K. Bajjuri, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> Raytheon Technologies Corporation F/K/A Raytheon Company; Thomas A. Kennedy; Anthony F. O'Brien; and Michael J. Wood, <br><br> Defendants. | Case No. 4:20-cv-00486-TUC-JCH <br><br> **CHARLES M. FRANCISCO III'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL** |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR CONSOLIDATION OF
CASES, APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF LEAD COUNSEL

CASE No. 4:20-cv-00468-TUC-JCH

|  |  |  |
|---|---|---|
| Daniel Norris, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 4:20-cv-00543-TUC-RM |
| Plaintiff, | ) ) ) |  |
| v. | ) ) |  |
| Raytheon Technologies Corporation F/K/A Raytheon Company; Thomas A. Kennedy; Anthony F. O'Brien; and Michael J. Wood, | ) ) ) ) ) | |
| Defendants. | ) ) ) |  |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

CASE No. 4:20-cv-00468-TUC-JCH

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the Actions should be consolidated pursuant to FED. R. CIV. P. 42(a).

2.      Whether Charles M. Francisco, III should be appointed as Lead Plaintiff in this Action pursuant to 15 U.S.C. § 78u-4(a)(3)(B). *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2009).

3.      Whether the Court should approve Charles M. Francisco, III's selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(v). *See generally In re Cohen*, 586 F.3d 703 (9th Cir. 2009).

## I.      INTRODUCTION

Charles M. Francisco, III ("Mr. Francisco") respectfully submits this memorandum of law in support of his motion for: (i) consolidation of the above-captioned cases; (ii) appointment as lead plaintiff in the above-referenced action pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approval of his selection of Kahn Swick & Foti, LLC as Lead Counsel for the Class. *See, generally, In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2009).

As described in the Certification and Loss Chart attached to the Declaration of Mark D. Lammers in Support of Charles M. Francisco, III's Motion for Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel ("Lammers Decl.") at Exhibits A & B, Mr. Francisco suffered substantial losses due to his purchases of Raytheon Technologies Corporation f/k/a Raytheon Company ("Raytheon" or the "Company") securities from February 10, 2016 through October 27, 2020, inclusive ("Class Period"). To the best of his knowledge, the loss represents the largest loss of any investor seeking to be appointed Lead Plaintiff.

In addition, Mr. Francisco's Certification demonstrates his intent to serve as Lead

Plaintiff in this matter, including his cognizance of the duties of serving in that role. *See* Lammers Decl., Ex. A. He satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Accordingly, Mr. Francisco seeks an order: (1) consolidating the above-captioned matters; (2) appointing him as Lead Plaintiff in the consolidated Action pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act; and (3) approving his selection of KSF as Lead Counsel for the putative Class.

## II.   PROCEDURAL BACKGROUND

The first securities fraud action in this matter, *Pranay K. Bajjuri v. Raytheon Technologies Corporation, et al.*, No. 4:20-cv-00486-JCH, was filed in this District on October 30, 2020 (the "*Bajjuri* Complaint").[1] A second complaint was filed in this District on December 11, 2020, *Daniel Norris v. Raytheon Technologies Corporation, et al.*, No. 4:20-cv-00543-TUC-RM (the "*Norris* Complaint"). Both Complaints are substantially similar, alleging violations of §§10(b) and 20(a) of the Exchange Act (15 U.SC. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5) during a class period spanning between February 10, 2016 and October 27, 2020, inclusive (the "Class Period"). On October 30, 2020, the Rosen Law Firm published notice of the Action on *Business Wire*. *See* Lammers Decl., Ex. C. The notice specifically informed members of the proposed Class of their right to seek appointment as lead plaintiff not later than December 29, 2020. *Id.*

## III.   STATEMENT OF FACTS

### A.   Background

This is a securities fraud action brought by investors against Defendants Raytheon, Thomas A. Kennedy ("Kennedy") (the Company's Chairman and Chief Executive Officer ("CEO") through April, 2020 and Executive Chairman since April 2020); Anthony F. O'Brien

---

[1] Unless otherwise noted, the facts alleged herein were derived from the *Bajjuri* Complaint and all ¶__ and ¶¶ __ references are to the *Bajjuri* Complaint.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

2

CASE No. 4:20-cv-00468-TUC-JCH

("O'Brien") (the Company's Chief Financial Officer ("CFO") since April 2020); Michael J. Wood ("Wood") (the Company's Vice President and Controller since April 2020 and Chief Accounting Officer ("CAO") prior to April 2020).[2] ¶¶ 8, 10-12. Raytheon is an aerospace company providing advanced systems and services for commercial, military, and government customers worldwide. ¶ 8. It is incorporated in Delaware and headquartered in Waltham, MA. ¶ 8. The Company's Missiles and Defense segment is headquartered in Tucson, AZ. ¶ 4. The Company's common stock is listed on the New York Stock Exchange ("NYSE") under the ticker symbol "RTX" currently, and "RTN" prior to April 2020. ¶¶ 8-9.

The Class Period spans between February 10, 2016 and October 27, 2020, inclusive. ¶ 1. Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. Defendants repeatedly reported favorable financial results for the Company's Integrated Defense Systems and Missile Systems segments (which would later become the joint Missile and Defense segment). ¶¶ 21, 25, 28, 31, 34. With each filing, one or more of the Individual Defendants signed a statement certifying that the Company maintained effective internal controls. ¶¶ 20, 24, 27, 30, 33. These statements were false and misleading because Defendants failed to disclose that: (1) Raytheon had inadequate disclosure controls and procedures and internal control over financial reporting; (2) Raytheon had faulty financial accounting; (3) the Company misreported its costs regarding its Missiles & Defense business since 2009; (4) as a result of the foregoing, Raytheon was at risk of increased scrutiny from the government; and (5) as a result of the foregoing, Raytheon would face a criminal investigation by the U.S. Department of Justice ("DOJ"). ¶ 35.

On October 27, 2020, Raytheon filed its quarterly report on Form 10-Q with the SEC

---

[2] Kennedy, O'Brian, and Wood are collectively referred to herein as the "Individual Defendants."

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL          3          CASE NO. 4:20-cv-00468-TUC-JCH

for the quarter ended September 30, 2020 (the "Q320 Report"). ¶ 36. The Q320 Report announced that the Company had received a subpoena from the DOJ seeking documents and information related to the accounting and internal controls form Raytheon's Missiles and Defense business since 2009. ¶ 36. On this news, the price of Raytheon shares fell $4.19 per share, or 7%, to close at $52.34 per share on October 28, 2020, on unusually heavy trading volume, damaging investors. ¶ 37.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of actions is appropriate under Fed. R. Civ. Pro 42(a) where, as here, the actions involve common questions of law and fact. *See Hall v. Medicis Pharm. Corp.*, No. 08-cv-1821, 2009 U.S. Dist. LEXIS 24093, at *3 (D. Ariz. Mar. 10, 2009). Likewise, under the PSLRA "consolidation is appropriate '[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed.'" *Id.* at *3-4 (citing 15 U.S.C. § 78u-4(a)(3)(B)(ii)). Courts recognize that securities class actions are ideally suited to consolidation pursuant to FED. R. CIV. P. 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of parties and witnesses for inquiries in multiple proceedings and minimizes the expenditure of time and money by all concerned persons. *See Hessefort v. Super Micro Comput., Inc*., 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018). Here, the Related Actions are ideally suited for consolidation.

The Related Actions bring claims on behalf of Raytheon investors for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, during identical putative class periods (February 10, 2016 and October 27, 2020, inclusive). *Bajjuri* Compl., ¶ 1; *Norris* Compl., ¶ 1. Both Complaints bring claims on behalf of persons or entities who purchased or otherwise acquired Raytheon securities during the Class Period. *Bajjuri* Compl., ¶ 1; *Norris* Compl., ¶ 1. Additionally, each lawsuit is brought against the same Defendants: the corporate Defendant Raytheon, and Individual Defendants

Kennedy, O'Brian, and Wood. *See Bajjuri* Compl., ¶ 8-12; *Norris* Compl., ¶ 8-11. Each involves nearly identical allegations that Defendants made false and misleading statements concerning the Company's business operations during the Class Period. *Compare Bajjuri* Compl., ¶¶ 18-38 *with Norris* Compl., ¶¶ 17-33. Accordingly, because these securities fraud complaints rely on the same public statements by Defendants and identical class periods, this Court should consolidate the Related Actions. *See Hall*, 2009 U.S. Dist. LEXIS 24093, at *4 (consolidating securities fraud actions where the cases "all involve common questions of both law and fact, and they all assert substantially the same claim").

### B.    Mr. Francisco Should Be Appointed as Lead Plaintiff

The PSLRA sets for the procedures regarding the appointment of a lead plaintiff in a securities class action. *See* 15 U.S.C. §78u-4(a)(1)-(3)(B)(i). First, the plaintiff who files the initial action must publish a notice within 20 days of filing the action advising the class of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Here, notice of the first-filed lawsuit in this matter was published on October 30, 2020 via *Business Wire*. *See* Lammers Decl., Ex. C.

Within 60 days after publication of notice, members of the proposed class are entitled to move to be appointed as lead plaintiff, regardless of whether or not that movant has previously filed a complaint in this action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B). Following the movants' applications and within 90 days after publication of notice, the court shall appoint as lead plaintiff the member of the class that the court determines to be "most capable" of adequately representing the interest of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)    has either filed the complaint or made a motion in response to a notice…;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

5

CASE NO. 4:20-cv-00468-TUC-JCH

(cc)    otherwise satisfies the requirements of Rule 23 of the
Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

Once the presumption attaches to a movant, it can only be overcome upon a showing of proof that the presumptive lead plaintiff will not fairly and adequately represent the class, or is subject to unique defenses that will render him incapable of doing so. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### 1.    Mr. Francisco's Motion for Appointment as Lead Plaintiff is Timely

Counsel for the first-filed plaintiff published notice pursuant to the PSLRA on October 30, 2020 in *Business Wire*. *See* Lammers Decl., Ex. C. Therein, Class members were advised of the existence of the securities class action lawsuit against Defendants, the claims asserted therein, the Class Period, and their right to move for lead plaintiff within 60 days of publication of the notice. *Id*. *Business Wire* is a widely circulated national business-oriented wire service which is routinely found to satisfy the PSLRA's statutory notice requirements in this Circuit. *See Borteanu v. Nikola Corp.*, No. 20-cv-01797, 2020 U.S. Dist. LEXIS 236005, at *17 (D. Ariz. Dec. 15, 2020) (notice published in *Business Wire* satisfied the requirement of the PSLRA); *Brown v. Innerworkings, Inc.*, No. 18-cv-00832, 2018 U.S. Dist. LEXIS 222581, at *2-3 (C.D. Cal. July 27, 2018) (Court accepts notice published in *Business Wire*); *Fleming v. Impax Labs. Inc.*, No. 16-cv-06557, 2017 U.S. Dist. LEXIS 22147, at *3 (N.D. Cal. Feb. 15, 2017) (the PSLRA's "requirements are met" by publication of notice in *Business Wire*, a "'global leader in press release distribution and regulatory disclosure.'").

Mr. Francisco's motion was filed within 60 days of the publication of this notice and is therefore timely under the PSLRA.

### 2.    Mr. Francisco Possesses the Largest Financial Interest

To the best of his knowledge, Mr. Francisco has the largest financial interest in the relief sought in this case. *See* Lammers Decl., Ex. B; *Cavanaugh*, 306 F.3d at 730 ("[T]he

district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.").

### 3.    Mr. Francisco Meets the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of lead plaintiffs, Rule 23(a) requires generally that their claims be typical of the claims of the class and that the representatives will fairly and adequately protect the interest of the class. *See* Fed. R. Civ. P. 23. As detailed below, Mr. Francisco satisfies the typicality and adequacy requirements of Rule 23(a).

a.    <u>Mr. Francisco's Claims Are Typical of the Claims of the Class</u>

The test for the typicality requirement of Rule 23(a)(3) is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Borteanu*, 2020 U.S. Dist. LEXIS 236005, at \*24. Mr. Francisco's claims are typical of the claims of the other putative class members. Mr. Francisco's claims and the claims of the other class members resulted from the same course of conduct – the illegal practices of the Defendants. Mr. Francisco and all other Class Members: (1) purchased Raytheon securities during the Class Period; (2) purchased Raytheon securities in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) were injured when the truth was revealed and the artificial inflation was removed from the stock price. *See* Lammers Decl., Exs. A & B.

b.    <u>Movant Will Fairly and Adequately Represent the Class</u>

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interest of the class." The test for whether the adequacy requirement of Rule 23 has been met is: "(1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those

of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced, and generally able to conduct the litigation." *Borteanu*, 2020 U.S. Dist. LEXIS 236005 at \*24 (citing *Lomingkit v. Apollo Educ. Grp. Inc.*, No. 16-cv-00689, 2016 U.S. Dist. LEXIS 78591, at \*2 (D. Ariz. June 16, 2016)). Mr. Francisco's interests are clearly aligned with the members of the class and there is no antagonism between his interests and the class members' interest. Mr. Francisco, a retired mechanic and Naval officer, has demonstrated his adequacy as a class representative by signing a sworn certification affirming his willingness to serve as, and to assume the responsibilities of, the class representative. *See* Lammers Decl., Ex. A. Mr. Francisco is currently serving as Co-Lead Plaintiff in another securities class action, *Kanefsky et al. v. Honeywell International Inc. et al.*, No.1:18-cv-15536 (D. N.J.). In addition, Mr. Francisco selected Kahn Swick & Foti, LLC, a firm highly experienced in prosecuting securities class actions, to represent him and the class.

## V.    THE COURT SHOULD APPROVE MR. FRANCISCO'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see Cavanaugh*, 306 F.3d at 732 n.11; *Cohen*, 586 F.3d at 709-10. Here, Mr. Francisco has selected KSF as Lead Counsel for the class following his own independent assessment of the firm's qualifications.

With lawyers in Louisiana, New York, and California dedicated to the practice of class action and individual investor securities and corporate governance litigation, KSF is one of the nation's premier boutique securities litigation law firms. KSF has represented stockholders as lead or co-lead counsel in numerous class and derivative litigations, many of which have resulted in substantial recoveries on behalf of stockholders, amounting to hundreds of millions of dollars. *See* Lammers Decl. at Exhibit D (KSF Firm Resume).

Notably, KSF has achieved numerous litigation successes serving as lead, co-lead, or executive committee counsel in other securities class actions. *See* Lammers Decl., Ex. D (citing *In re Chicago Bridge & Iron Co. N.V. Secs. Litig.*, No. 17-cv-1580 (S.D.N.Y) (plaintiffs' motion for class certification was granted on March 23, 2020); *Abramson v. NewLink Genetics Corp., et al.*, No. 16-cv-03545 (S.D.N.Y.) (in which the Second Circuit vacated in part the District Court's dismissal of plaintiffs' complaint on July 13, 2020); *Kanefsky et al. v. Honeywell International Inc. et al.*, No. 18-cv-15536 (D.N.J.)(Court denied Defendants' motion to dismiss on May 18, 2020).

KSF also served as counsel to the lead plaintiff in the *Halliburton* securities litigation matter, where lead plaintiff twice prevailed before the United States Supreme Court and ultimately obtained a $100 million recovery for the class. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014); *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 131 S. Ct. 2179 (2011). The Court may be assured that in the event this Motion is granted, the members of the Class will receive the highest caliber legal representation available from Kahn Swick & Foti. *See* Lammers Decl., Ex. D.

As the aforementioned cases demonstrate, KSF possesses the requisite experience and knowledge litigating complex securities cases. Thus, the Court may be assured that, in granting this motion, the Class will continue to receive legal representation of the highest caliber.

**VI.    CONCLUSION**

For the foregoing reasons, Charles M. Francisco, III respectfully requests that the Court: (1) consolidated the related Actions; (2) appoint him as Lead Plaintiff pursuant to §15 U.S.C. § 78u-4(a)(3)(B); and (3) approve his selection of KSF as Lead Counsel for the Class.

DATED: December 29, 2020                     Respectfully submitted,


                                                            */s/ Mark D. Lammers*

                                                            **RUSING LOPEZ & LIZARDI, PLLC**
                                                            Mark D. Lammers (AZ # 010335)

6363 North Swan Road, Suite 151
Tucson, AZ  85718
Telephone: (520) 792-4800
Facsimile: (520)529-4262
mdlammers@rllaz.com

*Local Counsel for Lead Plaintiff Movant*
*Charles M. Francisco, III*

**KAHN SWICK & FOTI, LLC**
Kim E. Miller (*pro hac vice to be submitted*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3732
Facsimile: (504) 455-1498
kim.miller@ksfcounsel.com

*Counsel for Lead Plaintiff Movant*
*Charles M. Francisco, III and*
*Proposed Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

10

CASE No. 4:20-cv-00468-TUC-JCH

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

 */s/ Mark D. Lammers*
Mark D. Lammers

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

11

CASE No. 4:20-cv-00468-TUC-JCH