**TIFFANY & BOSCO, P.A.**
Richard G. Himelrick, State Bar No. 004738
Seventh Floor Camelback Esplanade II
2525 E. Camelback Road
Phoenix, AZ 85016
Telephone: (602) 255-6000
Email: rgh@tblaw.com

*[Proposed] Liaison Counsel for Movant and the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (*Admitted pro hac vice*)
Laurence M. Rosen (*Admitted pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: pkim@rosenlegal.com
        lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movant and the Class*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Pranay K. Bajjuri, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Raytheon Technologies Corporation F/K/A Raytheon Company; Thomas A. Kennedy; Anthony F. O'Brien; and Michael J. Wood,<br><br>Defendants. | No. 4:20-cv-00468-JCH<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF KEE CHUN HON TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**JUDGE: John C. Hinderaker** |

[Additional caption below]

MEMORANDUM OF POINTS AND AUTHORITIES

| Daniel Norris, Individually and on Behalf of All Others Similarly Situated, | No.  4:20-cv-00543-RM |
| --- | --- |
| Plaintiff, | **JUDGE: Rosemary Marquez** |
| vs. | |
| Raytheon Technologies Corporation f/k/a Raytheon Company; Thomas A. Kennedy; Anthony F. O'Brien; and Michael J. Wood, | |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Kee Chun Hon ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)     consolidating the above-captioned actions;

(2)     appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of Raytheon Technologies Corporation f/k/a Raytheon Company ("Raytheon" or the "Company") securities between February 10, 2016 and October 27, 2020, both dates inclusive (the "Class Period"); and

(3)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel and Tiffany & Bosco, P.A. ("T&B") as Liaison Counsel for the Class.

## I.     CLAIMS ASSERTED

On October 30, 2020, the first action was filed by Rosen Law and T&B in the United States District Court for the District of Arizona, styled as *Bajjuri v. Raytheon Technologies Corporation f/k/a Raytheon Company, et al*., Case No. 4:20-cv-00468-JCH. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See*

2

MEMORANDUM OF POINTS AND AUTHORITIES

Declaration of Richard G. Himelrick ("Himelrick Decl."), Ex. 1, filed herewith. The related action, styled as *Norris v. Raytheon Technologies Corporation f/k/a Raytheon Company, et al.*, Case No. 4:20-cv-00543-RM was filed on December 11, 2020 in this Court alleging the same claims, the same Class Period, and against the same Defendants.

Defendant Raytheon purports to be an aerospace and defense company providing advanced systems and services for commercial, military, and government customers worldwide. On April 3, 2020, United Technologies Corporation and Raytheon Company completed a merger and changed the Company's name to "Raytheon Technologies Corporation." The complaints allege that during the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Raytheon had inadequate disclosure controls and procedures and internal control over financial reporting; (2) Raytheon had faulty financial accounting; (3) as a result, Raytheon misreported its costs regarding Raytheon Company's Missiles & Defense business since 2009; (4) as a result of the foregoing, Raytheon was at risk of increased scrutiny from the government; (5) as a result of the foregoing, Raytheon would face a criminal investigation by the U.S. Department of Justice ("DOJ"); and (6) as a result, Defendants' public statements were materially false and/or misleading at all relevant times.

On October 27, 2020, after market hours, Raytheon revealed that the Company received a criminal subpoena from the DOJ and that the DOJ was conducting an investigation into the Company's financial accounting, internal controls over financial reporting, and cost reporting of its Missiles and Defense business. On this news, shares of Raytheon fell $4.19 per share, or 7%, to close at $52.34 per share on October 28, 2020. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

.    .    .

.    .    .

3

MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT

**II.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related actions is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

The above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

**III.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response
>
> to a notice . . .;

MEMORANDUM OF POINTS AND AUTHORITIES

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *2 (D. Ariz. Apr. 7, 2008).

As explained below, Movant satisfies the above criteria and is the most adequate plaintiff and should be appointed Lead Plaintiff.

### A.   Movant Is Willing to Serve as Class Representative

As set forth in his certification filed herewith, Movant attests that he has reviewed the Complaint, adopts the allegations therein, and is willing to serve as a representative of the class. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class. *See* Himelrick Decl., Ex. 2.

### B.   Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify how to calculate the "largest financial interest," the approximate losses suffered are the most determinative. *Richardson v. TVIA, Inc.*, 2007 WL 1129344, at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant purchased 860 shares of Raytheon stock during the Class Period at a cost of $154,276.11. Movant suffered approximate losses of $94,739.70 in connection with his purchases of Raytheon securities. *See* Himelrick Decl., Ex. 3. Movant is not aware of any other individual movant who has suffered greater losses in Raytheon securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed Lead Plaintiff for the Class.

MEMORANDUM OF POINTS AND AUTHORITIES

**C.  Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1)  the class is so numerous that joinder of all members is impracticable;
>
> (2)  there are questions of law or fact common to the class;
>
> (3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)  the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh,* 306 F.3d at 730. Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act. Movant, as did all of the members of the class, purchased the Company's securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the

6

MEMORANDUM OF POINTS AND AUTHORITIES

requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

### D.   Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(a)   will not fairly and adequately protect the interests of the class; or

(b)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant is a sophisticated investor with over thirteen years investing in the stock market. Movant has a Bachelor's Degree in Business Administration and is a Senior IT Manager.

Movant's ability and desire to represent the class fairly and adequately has been discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

## IV.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel and T&B as Liaison Counsel. The firms have been actively researching the Class Plaintiffs' and Movant's claims –

MEMORANDUM OF POINTS AND AUTHORITIES

reviewing publicly available financial and other documents and gathering information in support of the claims against the defendants, as well as filing the first-filed complaint. Both firms are experienced in the area of securities litigation and class actions and have been appointed as lead counsel in securities class actions throughout the country. Furthermore, the firms have worked together to prosecute securities fraud class actions and other complex litigation and have obtained recoveries on behalf of investors. *See* Firm Resumes, Himelrick Decl., Exs. 4 and 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's chosen counsel has the skill and knowledge that will enable the firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff for the class; (3) approving Rosen Law as Lead Counsel and T&B as Liaison Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: December 29, 2020          Respectfully submitted,

**TIFFANY & BOSCO, P.A.**

By: */s/ Richard G. Himelrick*
Richard G. Himelrick
Seventh Floor Camelback Esplanade II
2525 E. Camelback Road
Phoenix, AZ 85016

*[Proposed] Liaison Counsel for Movant and the Class*

MEMORANDUM OF POINTS AND AUTHORITIES

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (*Admitted pro hac vice*)
Laurence M. Rosen (*Admitted pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016

*[Proposed] Lead Counsel for Movant
and the Class*

MEMORANDUM OF POINTS AND AUTHORITIES

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2020, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Shelley Boettge*
Shelley Boettge

MEMORANDUM OF POINTS AND AUTHORITIES