ZIMMERMAN REED LLP
HART L. ROBINOVITCH (AZ SBN 020910)
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ  85254-2762
Telephone: 480/348-6400
Facsimile: 480/348-6415
Email: hart.robinovitch@zimmreed.com

Local Counsel for [Proposed] Lead Plaintiff

ROBBINS GELLER RUDMAN & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
Facsimile: 619/231-7423 (fax)
Email: dmyers@rgrdlaw.com
        jcaringal@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Pranay K. Bajjuri, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>Raytheon Technologies Corporation f/k/a Raytheon Company, et al.,<br><br>                    Defendants. | No. CV-20-00468-TUC-JCH<br><br>CLASS ACTION<br><br>(Assigned to the Honorable John C. Hinderaker) |

[Caption continued on following page.]

MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4830-9105-7621.v1

Daniel Norris, Individually and on Behalf of All Others Similarly Situated,

                        Plaintiff,

      vs.

Raytheon Technologies Corporation f/k/a Raytheon Company, et al.,

                  Defendants.

No. CV-20-00543-TUC-RM

<u>CLASS ACTION</u>

(Assigned to the Honorable Rosemary Marquez)

4830-9105-7621.v1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF FACTS ................................................................................... 2

III.    ARGUMENT ...................................................................................................... 3

     A.    This Court Should Consolidate These Related Actions to Promote Efficiency .................................................................................................. 3

     B.    The Annuity Fund Should Be Appointed Lead Plaintiff .............................. 4

          1.    This Motion Is Timely ......................................................................... 4

          2.    The Annuity Fund Possesses the Largest Financial Interest in the Relief Sought by the Class ............................................................. 4

          3.    The Annuity Fund Satisfies the Rule 23 Requirements ..................... 5

     C.    This Court Should Approve the Annuity Fund's Choice of Lead Counsel ........................................................................................................ 6

IV.     CONCLUSION ................................................................................................... 8

- i -

**MOTION**

Class member and proposed lead plaintiff Heavy & General Laborers' Locals 472 & 172 Annuity Fund (the "Annuity Fund"), by and through undersigned counsel, will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the above-captioned related securities class actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Annuity Fund as Lead Plaintiff; and (3) approving the Annuity Fund's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.  This Motion is made on the grounds that the related actions involve virtually identical factual and legal issues, and the Annuity Fund is the most adequate plaintiff to serve as lead plaintiff in the consolidated action.  In support of this Motion, the Annuity Fund submits herewith a Memorandum of Points and Authorities and the Declaration of Hart L. Robinovitch.

**MEMORANDUM OF LAW**

**I.    INTRODUCTION**

Presently pending in this District are two related securities class action lawsuits on behalf of persons who purchased or otherwise acquired publicly traded Raytheon Technologies Corporation f/k/a Raytheon Company ("Raytheon" or the "Company") securities between February 10, 2016 and October 27, 2020, inclusive, against the Company and certain of its senior executive officers for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act").[1]  The PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because they present virtually identical factual and legal issues, alleging identical claims under §§10(b) and 20(a) of the Exchange Act during the same class period against identical defendants.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  15 U.S.C. §78u-

---

[1]    The two actions are: *Bajjuri v. Raytheon Technologies Corp.*, No. 4:20-cv-00468-JCH (D. Ariz., filed Oct. 30, 2020) and *Norris v. Raytheon Technologies Corp.*, No. 4:20-cv-00543-RM (D. Ariz., filed Dec. 11, 2020) (collectively, the "Related Actions").

- 1 -

4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, the Annuity Fund should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Court should approve the Annuity Fund's selection of Robbins Geller Rudman & Dowd LLP, a law firm with extensive experience successfully prosecuting securities class actions, as lead counsel for the class.  *See* 15 U.S.C. §78u- 4(a)(3)(B)(v).

## II.    STATEMENT OF FACTS

Raytheon is an aerospace and defense company providing advanced systems and services for commercial, military, and government customers worldwide.  Raytheon is the product of a merger between United Technologies Corporation and Raytheon Company, which was completed on April 3, 2020.  Raytheon is based in Waltham, Massachusetts, with its Missiles & Defense segment headquartered in Tucson, Arizona.

The Related Actions allege that during the class period, defendants made false and/or misleading statements and/or failed to disclose that: (1) Raytheon had inadequate disclosure controls and procedures and internal control over financial reporting; (2) Raytheon had faulty financial accounting; (3) as a result, Raytheon misreported its costs regarding Raytheon Company's Missiles & Defense business since 2009; (4) as a result of the foregoing, Raytheon was at risk of increased scrutiny from the government; (5) as a result of the foregoing, Raytheon would face a criminal investigation by the U.S. Department of Justice ("DOJ"); and (6) as a result, defendants' public statements were materially false and/or misleading at all relevant times.  *Bajjuri*, ECF No. 1 at ¶35; *Norris*, ECF No. 1 at ¶30.

On October 27, 2020, after market hours, Raytheon disclosed that the Company had received a criminal subpoena earlier in the month from the DOJ.  The subpoena sought information and documents from over a more than 10-year period in connection with Raytheon's financial accounting, internal controls over financial reporting, and cost reporting

- 2 -

regarding the Company's Missiles & Defense business. *Bajjuri*, ECF No. 1 at ¶36; *Norris*, ECF No. 1 at ¶31. On this news, the price of Raytheon shares fell $4.19 per share, or 7%, to close at $52.34 per share on October 28, 2020, on unusually heavy trading volume, damaging investors. *Bajjuri*, ECF No. 1 at ¶37; *Norris*, ECF No. 1 at ¶32.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the Annuity Fund and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    This Court Should Consolidate These Related Actions to Promote Efficiency

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a). '"Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved.'" *Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *1 (S.D. Cal. Sept. 6, 2018) (citation omitted).

The Related Actions present virtually identical factual and legal issues, alleging identical claims under §§10(b) and 20(a) of the 1934 Act during the same class period against identical defendants. Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both lawsuits. Thus, consolidation is appropriate here. *See Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *1 (D. Ariz. Apr. 7, 2008) ("The complaints in these four actions are nearly identical, and the minor differences in proposed class periods and named individual defendants are not obstacles to consolidation.").

- 3 -

**B.    The Annuity Fund Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice. . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002); *see also Tsirekidze*, 2008 WL 942273, at *2. The Annuity Fund meets each of these requirements and should therefore be appointed Lead Plaintiff.

**1.    This Motion Is Timely**

Notice of the first-filed *Bajjuri* Complaint was published on October 30, 2020 via *Business Wire* and informed class members of the existence of this case, the claims asserted, the class period, and the right to seek appointment as lead plaintiff by December 29, 2020. *See* Declaration of Hart L. Robinovitch in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Robinovitch Decl."), Ex. A. Thus, the Annuity Fund's Motion is timely filed and it is entitled to be considered for appointment as lead plaintiff.

**2.    The Annuity Fund Possesses the Largest Financial Interest in the Relief Sought by the Class**

To the best of its knowledge, the Annuity Fund has the largest financial interest in the relief sought in this case, having suffered approximately $138,780 in losses under the "last-

- 4 -

in, first-out" (LIFO) accounting methodology. *See* Robinovitch Decl., Exs. B-C. To the best of the Annuity Fund's counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Annuity Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Annuity Fund Satisfies the Rule 23 Requirements

In addition to the largest financial interest requirement, the PSLRA also directs that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced, and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4).

The Annuity Fund satisfies both requirements. The Annuity Fund satisfies the typicality threshold because its claims arise from the same conduct from which the other class members' claims and injuries arise. Just like all other class members, the Annuity Fund purchased Raytheon securities during the relevant time period, was adversely affected by defendants' allegedly false and misleading statements, and suffered damages thereby. The Annuity Fund, a sophisticated institutional investor with ongoing experience serving as lead plaintiff, is aware of the requirements and responsibilities of being a lead plaintiff in a securities class action and is willing to undertake these responsibilities on behalf of the class. *See* Robinovitch Decl., Ex. B. Accordingly, the Annuity Fund is precisely the type of

- 5 -

investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001). Moreover, the Annuity Fund has no conflict of interest between its claims and those of the putative class and is not subject to any unique defenses.

Because the Annuity Fund filed a timely motion, has a large financial interest in the relief sought by the class, has demonstrated its typicality and adequacy, and selected qualified counsel (as set forth below), the Court should adopt the presumption that it is the "most adequate plaintiff."

**C.    This Court Should Approve the Annuity Fund's Choice of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. The Annuity Fund has selected Robbins Geller as lead counsel in this case.[2]

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, Robbins Geller possesses substantial experience in complex securities litigation. District courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations. *See, e.g.*, *Smilovits v. First Solar, Inc*., No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million settlement obtained by Robbins Geller represents the largest PSLRA recovery in Arizona history); *In re:*

---

[2]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com/. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

- 6 -

*Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, No. 3:15-md-02672-CRB (N.D. Cal) (Robbins Geller partner Paul J. Geller appointed to serve on Plaintiffs' Steering Committee in what was to be the largest consumer auto industry class action settlement in U.S. history); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").

Notably, in the first few months of 2020 alone, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y. Jan. 21, 2020), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval, the largest PSLRA class action recovery ever against a pharmaceutical company and the ninth largest of all time), and $350 million in *Smilovits*. Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

As a result, the interests of the class would be well represented were the Court to approve the Annuity Fund's selection of counsel.

---

[3] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 7 -

4830-9105-7621.v1

## IV.     CONCLUSION

The Related Actions should be consolidated because they contain common issues of law and fact.   Additionally, the Annuity Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.   Accordingly, the Annuity Fund respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Robbins Geller as Lead Counsel for the class.

DATED:   December 29, 2020                    Respectfully submitted,

ZIMMERMAN REED LLP
HART L. ROBINOVITCH (AZ SBN 020910)


s/ Hart L. Robinovitch
HART L. ROBINOVITCH

14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ  85254-2762
Telephone: 480/348-6400
Facsimile: 480/348-6415
Email: hart.robinovitch@zimmreed.com

Local Counsel for [Proposed] Lead Plaintiff

ROBBINS GELLER RUDMAN & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
Facsimile: 619/231-7423 (fax)
Email: dmyers@rgrdlaw.com
          jcaringal@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

- 8 -

4830-9105-7621.v1