ZIMMERMAN REED LLP
HART L. ROBINOVITCH (AZ SBN 020910)
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ  85254-2762
Telephone: 480/348-6400
Facsimile: 480/348-6415
Email: hart.robinovitch@zimmreed.com

Local Counsel for [Proposed] Lead Plaintiff

ROBBINS GELLER RUDMAN & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
Facsimile: 619/231-7423 (fax)
Email: dmyers@rgrdlaw.com
         jcaringal@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Pranay K. Bajjuri, Individually and on Behalf of All Others Similarly Situated,<br><br>                               Plaintiff,<br><br>          vs.<br><br>Raytheon Technologies Corporation f/k/a Raytheon Company, et al.,<br><br>                               Defendants. | No. CV-20-00468-TUC-JCH<br><br><u>CLASS ACTION</u><br><br>(Assigned to the Honorable John C. Hinderaker) |

[Caption continued on following page.]

HEAVY & GENERAL LABORERS' LOCALS 472 & 172 ANNUITY FUND'S
MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING
MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

4820-6275-2214.v1

Daniel Norris, Individually and on Behalf of All Others Similarly Situated,

       Plaintiff,

 vs.

Raytheon Technologies Corporation f/k/a Raytheon Company, et al.,

       Defendants.

No. CV-20-00543-TUC-RM

CLASS ACTION

(Assigned to the Honorable Rosemary Marquez)

4820-6275-2214.v1

Five lead plaintiff motions were filed by investors seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (i) Heavy & General Laborers' Locals 472 & 172 Annuity Fund (the "Annuity Fund"); (ii) State Teachers Retirement System of Ohio ("STRS"); (iii) Kee Chun Hon; (iv) Charles M. Francisco, III; and (v) FNY Partners Fund LP and FNY Managed Accounts LLC.  *See* ECF Nos. 8, 11, 12, 13, 14.  Under the PSLRA, courts are to "adopt a presumption that the most adequate plaintiff" is the person that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  At first blush, STRS appears to have suffered the largest financial interest.  However, because STRS failed to supply all transactions during the Class Period on its Certification as the PSLRA requires, the Court is precluded from assessing STRS's financial interest and whether STRS satisfies the Rule 23 adequacy and typicality requirements or is subject to unique defenses.  Even assuming STRS's Certification is correct, STRS's loss was erroneously calculated and is actually a mere fraction of that claimed.

By way of background, and as alleged in the Class Action Complaint for Violations of the Federal Securities Laws STRS's counsel filed, the case is "on behalf of a class consisting of all persons and entities that purchased or otherwise acquired Raytheon securities between February 10, 2016 and October 27, 2020, inclusive (the 'Class Period')." *Norris v. Raytheon Technologies Corp.*, No. 4:20-cv-00543-RM, ECF No. 1 at ¶1.  Raytheon is defined in the preceding introductory paragraph as "Raytheon Technologies Corporation f/k/a Raytheon Company ('Raytheon' or the 'Company')."  *Id.*[1]  The action concerns the inadequate disclosure controls and procedures, internal control over financial reporting, faulty financial accounting, and misreporting of the Company's costs in connection with Raytheon Company's Missiles & Defense business since 2009.  *Id.* at ¶30.  The alleged fraud

---

[1]    United Technologies Corporation and Raytheon Company completed a merger on April 3, 2020 (the "Merger"). *Norris*, ECF No. 1 at ¶17.  Before the Merger, Raytheon Company traded under the ticker symbol RTN and United Technologies Corporation's ticker symbol was UTX.  *Id.*  After the Merger, Raytheon Technologies Corporation ticker symbol traded under RTX.  *Id.*

4820-6275-2214.v1

defendants perpetrated is thus traced back to Raytheon Company (RTN) before the Merger – not UTX – and continued under Raytheon Technologies Corporation (RTX).

This background is important as the PSLRA requires lead plaintiff candidates to "set[] forth *all* of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint." 15 U.S.C. §78u-4(a)(2)(A)(iv).[2] The Annuity Fund's Certification disclosed all transactions in RTN and UTX/RTX securities, as the PSLRA requires (*see* ECF No. 8-4). STRS's Certification does not. *See* ECF No. 9-4. Specifically, STRS's Certification reflects only transactions in UTX and RTX stock during the Class Period. *Id.* STRS's Certification does not reflect any Class Period transactions in either: (i) Raytheon Company (RTN) stock, or (ii) bonds issued by Raytheon Company, United Technologies Corporation, or Raytheon Technologies Corporation. *Id.*

To accurately conduct an apples-to-apples comparison and identify any potential unique defenses, the Annuity Fund's counsel contacted STRS's counsel seeking clarification of STRS's transactions in Raytheon securities during the Class Period. *See* Ex. A attached hereto. To date, STRS's counsel has not responded.

Without this additional information, the Court (and competing movants) are precluded from even assessing STRS's true financial interest in the relief sought by the class as defined by STRS's own counsel, let alone identifying any potential unique defenses or other Rule 23 infirmities. *See Williams v. Block.One*, 2020 WL 4505569, at *1 (S.D.N.Y. Aug. 4, 2020) (explaining that "the Court is unwilling to engage in guesswork or rely on their unsupported claims, at least two of which are demonstrably inaccurate or incomplete" where "plaintiffs concede, they have failed to submit all of the trading data evidencing the two and perhaps three largest claimed losses" and where "data appears to contain errors" and the "parties have not provided a satisfactory reason for failing to substantiate their alleged losses"); *Bhojwani v. Pistiolis*, 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007) ("the fact that the data still do

---

[2] All emphasis is added and citations are omitted unless otherwise noted.

- 2 -

4820-6275-2214.v1

not quite add up indicates a certain carelessness about detail that undermines the adequacy of Mr. Cole (and his associated group) as a lead plaintiff").[3]

Moreover, even using the data STRS did provide in its Certification reveals that STRS's financial interest was grossly overestimated. There are two issues impacting STRS's loss calculation. First, STRS's loss calculation wrongly assumes that UTX/RTX purchases during the entire Class Period were tainted by the fraud which is contrary to its own counsel's complaint that the alleged financial fraud occurred at old Raytheon Company (RTN), not UTX. Based on its counsel's complaint, only UTX/RTX purchases from the date the Merger was announced through the end of the Class Period are impacted by the fraudulent statements.[4] Second, STRS's loss calculation failed to adjust the transaction prices for two spinoffs of Otis Worldwide Corp. and Global Carrier Corp. on April 3, 2020 that occurred as a result of the Raytheon/United Technologies Merger. The impact of these errors is profound:

|  | *FIFO loss* | *LIFO loss* |
|---|---|---|
| STRS's claimed UTX/RTX loss during entire period ignoring spinoffs | ($25 million) | ($12.3 million) |
| **STRS's loss during UTX/RTX fraud period including spinoffs** | **$1.7 million GAIN** | **($415,000)** |

*See* Ex. B attached hereto.[5] Not only does STRS have a ***gain*** under the FIFO accounting method – which alone should be disqualifying – its $415,000 LIFO loss is over $9.5 million

---

[3]    *See also Li Hong Cheng v. Canada Goose Holdings Inc*., 2019 WL 6617981, at \*6 (S.D.N.Y. Dec. 5, 2019) ("'certification errors in [Hulaj's] submissions "militate against appointment and render [him] inadequate to serve as lead plaintiff under Rule 23's adequacy requirement"'"); *Plaut v. Goldman Sachs Grp., Inc*., 2019 WL 4512774, at \*4 (S.D.N.Y. Sept. 19, 2019) (certification error "'nonetheless speaks to a level of carelessness'" and causes court "'to doubt whether [movant] possesses the necessary adequacy and sophistication to be lead plaintiff'"); *Micholle v. Ophthotech Corp*., 2018 WL 1307285, at \*9 (S.D.N.Y. Mar. 13, 2018) (same).

[4]    Of course, because the alleged fraud involves old Raytheon Company (RTN) financial practices during the Class Period, old Raytheon Company (RTN) shares are also impacted by the alleged fraud during the entire Class Period, but STRS did not provide any data evidencing that it purchased RTN stock during the Class Period.

[5]    To be clear, the $1.7 million FIFO gain and $415,000 LIFO loss is from UTX/RTX purchases from the day the Merger was announced through the end of the Class Period. *See id.* That period aligns with the allegations in STRS's counsel's complaint. If non-fraud impacted UTX/RTX

- 3 -

below STRS's stated threshold for active involvement in securities litigation. *See* Ex. D at 71, ¶E ("In order to provide for the efficient operation of the System, STRS Ohio will not typically consider taking an active role in securities cases in which the System's losses are less than $10 million."). Assuming STRS does not have any additional old Raytheon Company (RTN) transactions or bonds that should have been disclosed on its Certification, based solely on its known financial interest in the relief sought by the class (as its own counsel has defined it), does STRS know it experienced a $1.7 million FIFO gain or a $415,000 LIFO loss? Is STRS willing to undertake active involvement in this case given that that LIFO loss amount is $9.5 million less than its own threshold, particularly in light of the fact that the Annuity Fund is eligible and qualified for appointment?

In sum, STRS's failure to provide an accurate Certification as the PSLRA requires precludes the Court from readily ascertaining what STRS's true financial interest is, never mind assess whether STRS is typical or adequate under Rule 23 or vulnerable to unique defenses. As such, STRS's motion should be denied.

The remaining movants claim smaller losses than the Annuity Fund. Consequently, the Court should not consider their motions unless the presumption in favor of appointment of the Annuity Fund as lead plaintiff is rebutted. *See Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical."). And while FNY Partners Fund LP and FNY Managed Accounts LLC seek to represent a separate class of investors who held stock in United Technologies Corporation at the time of Merger, the Court should deny the request to bifurcate the class, or appoint a niche lead plaintiff, at this early juncture. *See generally Glauser v. EVCI Ctr. Colls. Holding Corp*., 236 F.R.D. 184, 189 (S.D.N.Y. 2006) ("In fact, the majority of courts to consider the appointment of

---

purchases during the entire Class Period, as adjusted for the spinoffs, are considered, STRS suffered a $987,000 FIFO loss or a $1.6 million LIFO loss. *See* Ex. C attached hereto. Regardless of how STRS's financial interest is assessed, the loss suffered is many million dollars below STRS's threshold for active involvement in securities litigation. *Id.*

- 4 -

small, 'niche' investors as co-Lead Plaintiff have rejected it."); *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *6 (N.D. Cal. Apr. 28, 2016) ("'the fact that plaintiffs might have different types of securities also does not require a separate class or co-lead plaintiffs'").[6]  This is particularly so here where the Annuity Fund also held shares of UTX stock at the time of the Merger.  *See* ECF No. 8-4.  Indeed, the Annuity Fund transacted in RTN, UTX, and RTX securities throughout the Class Period and can comprehensively represent the putative class's interests as a single, strong lead plaintiff.  FNY's motion should be denied.

By contrast, the Annuity Fund satisfies each of the PSLRA's requirements and is not subject to unique defenses.  The Annuity Fund's motion should be granted.

DATED:  January 12, 2021

Respectfully submitted,

ZIMMERMAN REED LLP
HART L. ROBINOVITCH (AZ SBN 020910)

s/ Hart L. Robinovitch

HART L. ROBINOVITCH

14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ  85254-2762
Telephone: 480/348-6400
Facsimile: 480/348-6415
Email: hart.robinovitch@zimmreed.com

Local Counsel for [Proposed] Lead Plaintiff

---

[6]  *See also In re New Oriental Educ. & Tech. Grp. Sec. Litig.*, 293 F.R.D. 483, 486 (S.D.N.Y. 2013) ("MPS is not required to have standing to represent all possible claims in order to be appointed lead plaintiff, and Tardio does not have a right to become co-lead plaintiff simply by asserting claims not asserted by the lead plaintiff."). *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 670 n.40 (C.D. Cal. 2005) (rejecting argument "that the appointment of co-lead plaintiffs was particularly appropriate in this case because the section 11 claims present different issues and require different proof than the section 10(b) claims"); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253-54 (S.D.N.Y. 2003) (finding that "[d]esignating multiple Lead Plaintiffs to represent each cause of action would fracture the litigation and 'obstruct any efficient and controlled progress,'" and rejecting arguments that standing to assert 1933 Act claims or the "[d]ifferent pleading standards" associated with such claims entitles movant to leadership role).

- 5 -

ROBBINS GELLER RUDMAN & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
Facsimile: 619/231-7423 (fax)
Email: dmyers@rgrdlaw.com
          jcaringal@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 12, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Hart L. Robinovitch
HART L. ROBINOVITCH

ZIMMERMAN REED LLP
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254-2762
Telephone: 480/348-6400
Facsimile: 480/348-6415

E-mail: hart.robinovitch@zimmreed.com

4820-6275-2214.v1

# Mailing Information for a Case 4:20-cv-00468-JCH Bajjuri v. Raytheon Technologies Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Cory L Braddock**
  cbraddock@swlaw.com,arc@swlaw.com,docket@swlaw.com

- **Richard Glenn Himelrick**
  rgh@tblaw.com,sab@tblaw.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)