Andrew S. Friedman (SBN 005425)
afriedman@bffb.com
**BONNETT FAIRBOURN FRIEDMAN**
 **& BALINT PC**
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: (602) 776-5902

*Local Counsel for Movants FNY Partners Fund LP*
*and FNY Managed Accounts LLC*

Andrew J. Entwistle (*Pro Hac Vice* submitted)
aentwistle@entwistle-law.com
**ENTWISTLE & CAPPUCCI LLP**
401 Congress Avenue, Suite 1170
Austin, TX 78701
Telephone: (512) 710-5960

*Counsel for Movants FNY Partners Fund LP and*
*FNY Managed Accounts LLC*

## UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| Pranay K. Bajjuri, Individually and on Behalf of All Others Similarly Situated, | Case No.  4:20-cv-00468-JCH |
| Plaintiff, | **REPLY IN FURTHER SUPPORT OF MOTION OF FNY PARTNERS FUND LP AND FNY MANAGED ACCOUNTS LLC FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL FOR THE UTC CLASS** |
| v. | |
| Raytheon Technologies Corporation F/K/A Raytheon Company; Thomas A. Kennedy; Anthony F. O'Brien; and Michael J. Wood, | |
| Defendants. | |
| Daniel Norris, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No.  4:20-cv-00543-RM |
| v. | |
| Raytheon Technologies Corporation F/K/A Raytheon Company; Thomas A. Kennedy; Anthony F. O'Brien; and Michael J. Wood, | CLASS ACTION |
| Defendants. | |

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT........................................................................................................................2

I.  SEPARATE REPRESENTATION IS REQUIRED BECAUSE THE RAYTHEON CLASS BENEFITTED FROM THE SAME CONDUCT THAT HARMED THE UTC CLASS...........................................................................2

II.  THE ARGUMENTS BY THE COMPETING MOVANTS ARE INAPT.............4

CONCLUSION ...................................................................................................................6

i

# TABLE OF AUTHORITIES

**Cases**

*Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Grp. L.P.*,
247 F.R.D. 156 (C.D. Cal. 2007) ............................................................................... 2

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ................................................................................................... 3

*Bieneman v. City of Chicago*,
864 F.2d 463 (7th Cir. 1988) ..................................................................................... 2

*Bodri v. GoPro*,
No. 16-cv-00232-JST, 2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) ..................... 5

*Brown v. Am. Airlines, Inc.*,
285 F.R.D. 546 (C.D. Cal. 2011) .......................................................................... 2, 4

*Douglas v. Talk Am. Inc.*,
No. CV 06-3809 GAF (RCx), 2009 WL 10669481 (C.D. Cal. Mar. 10, 2009) ....... 2

*Grimes v. Fairfield Resorts, Inc.*,
331 F. App'x 630 (11th Cir. 2007) ............................................................................ 2

*In re Literary Works in Elec. Databases Copyright Litig.*,
654 F.3d 242 (2d Cir. 2011) ...................................................................................... 3

*In re New Oriental Educ. & Tech. Grp. Sec. Litig.*,
293 F.R.D. 483 (S.D.N.Y. 2013) ............................................................................... 5

*Lanzarone v. Guardsmark Holdings, Inc.*,
No. CV06-1136 RPLAX, 2006 WL 4393465 (C.D. Cal. Sept. 7, 2006) ............. 2, 4

*Ortiz v. Fibreboard Corp.*,
527 U.S. 815 (1999) ................................................................................................... 3

*Radcliffe v. Experian Info. Sols. Inc.*,
715 F.3d 1157 (9th Cir. 2013) ................................................................................... 3

*Rodriguez v. West Publishing Corp.*,
563 F.3d 948, 959 (9th. Cir. 2009) ........................................................................... 3

*Valley Drug Co. v. Geneva Pharms., Inc.*,
350 F.3d 1181 (11th Cir. 2003) ................................................................................. 2

**Statutes**

15 U.S.C. § 78u ...................................................................................................................... 6

First New York respectfully submits this reply in further support of its motion for appointment as Lead Plaintiff for the UTC Class, to appoint counsel for the UTC Class, to consolidate the existing actions and to coordinate the necessarily separate but related complaint to be filed by the UTC Class.

**PRELIMINARY STATEMENT**

The singular distinguishing aspect of each of the competing Lead Plaintiff motions is that they either explicitly or implicitly recognize the fundamental conflict between the UTC Class and the Raytheon Class but then blithely ignore it.  The competing movants are wrong.

The fundamental antagonism between the claims of former UTC shareholders that exchanged shares in the Merger with Old Raytheon precludes representation of those shareholders by the same Lead Plaintiff and counsel representing the Raytheon shareholders.  How could it not?  The value each UTC shareholder received in the exchange of shares on the Merger was directly reduced by the fraudulently inflated value received on the same exchange by each Old Raytheon shareholder.  The manifest and fundamental conflict created by this "zero-sum" transaction requires both that the UTC Class be separately represented and that it file its own separate Consolidated Amended Complaint asserting these claims.

The fundamentally competing claims cannot possibly be pled side-by-side in the same complaint, just as they cannot be asserted by the same Lead Plaintiff or counsel.  The fact the competing movants suggest otherwise underscores their inadequacy to represent the UTC Class—inadequacy that is not "cured" by the fact some competing movants held shares in both UTC and Old Raytheon at the time of the Merger.

Nor can the proverbial "can" be kicked down the road as some competing movants suggest.  The claims of the UTC Class must be separately asserted from the outset.  To do otherwise is to fundamentally disadvantage the UTC Class in favor of the Raytheon Class.  This the Court must not do.  Separate leadership and representation with separate complaints that are coordinated for all pre-trial purposes is the only way to adequately

protect both the UTC and Raytheon Classes.  First New York is the only movant adequate to represent the UTC Class in this regard.

**ARGUMENT**

**I.    SEPARATE REPRESENTATION IS REQUIRED BECAUSE THE RAYTHEON CLASS BENEFITTED FROM THE SAME CONDUCT THAT HARMED THE UTC CLASS**

Simply put, the Raytheon Class profited from the Merger by receiving an outsized interest in the Combined Company through an exchange ratio based on the fraudulently inflated value of Old Raytheon stock.  Conversely, the UTC Class was harmed in the Merger when its interest in the Combined Company was diluted due to the fraudulently inflated value of Old Raytheon stock.  The claims of the UTC Class are, therefore, manifestly and fundamentally antagonistic to the Raytheon Class and may not be asserted by the same leadership in the same complaint asserting the Raytheon Class's claims.  The existence of this fundamental conflict makes singular leadership for both the UTC Class and the Raytheon Class *per se* inadequate, and no movant can credibly argue to the contrary.  *See Brown v. Am. Airlines, Inc.*, 285 F.R.D. 546, 558 (C.D. Cal. 2011) ("A plaintiff is not an adequate representative if a 'fundamental conflict' exists among a class… A conflict is 'fundamental' . . . where, as here, some plaintiffs claim to have been harmed by the same conduct that benefitted other members of the class [and] no circuit approves of class certification where some class members derive a net economic benefit from the very same conduct alleged to be wrongful by the named representatives of the class, let alone where some named plaintiffs derive such a benefit."); *see also Douglas v. Talk Am. Inc.*, No. CV 06-3809 GAF (RCx), 2009 WL 10669481, at *7 (C.D. Cal. Mar. 10, 2009); *Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Grp. L.P.*, 247 F.R.D. 156, 177 (C.D. Cal. 2007); *Lanzarone v. Guardsmark Holdings, Inc.*, No. CV06-1136 RPLAX, 2006 WL 4393465, at *7 (C.D. Cal. Sept. 7, 2006); *Grimes v. Fairfield Resorts, Inc.*, 331 F. App'x 630 (11th Cir. 2007); *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1198 (11th Cir. 2003); *Bieneman v. City of Chicago*, 864 F.2d 463 (7th Cir. 1988).

The Ninth Circuit has made clear that adequacy of representation is the issue—*not* whether there is actual prejudice at a given stage of the case. *See Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1167 (9th Cir. 2013). *Radcliffe*, arising at the settlement stage of the case, underscores the fact that fundamental conflicts impact adequacy at all stages of the case and that the time to remedy them is at the outset—not after the class is injured. *Id*; *see also Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 959 (9th. Cir. 2009) (undisclosed incentive award agreements "put class counsel and the contracting class representatives into a conflict position *from day one*. The arrangement was not disclosed when it should have been and where it was plainly relevant, at the class certification stage.").

That many leading cases describing the absolute requirement for structural protections assuring adequate representation arise at later stages of the proceedings serves only to illustrate the need to assure adequacy from the outset. This is particularly true where, as here, the fundamental antagonism between the UTC and Raytheon Classes can only be eliminated by appointing separate leadership and representation that can separately develop the conflicting claims unique to each class. *See, e.g.*, *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856–57 (1999) (intra-class conflict required separate representation to eliminate conflicting interests); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 627 (1997) (requiring the structural protections of adequate representation); *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 249 (2d Cir. 2011) (appointing separate counsel and class representatives to resolve fundamental class conflicts).

As set forth in its moving papers, First New York is an experienced Lead Plaintiff that has retained experienced counsel, it is the only movant to develop and articulate the claims of the UTC Class, it is the only movant that seeks to exclusively represent the UTC Class, it is the only movant to recognize the need for the structural protection of separate representation for the UTC Class, and it is the only movant adequate to represent and protect the interests of the UTC Class.

## II.    THE ARGUMENTS BY THE COMPETING MOVANTS ARE INAPT

None of the competing movants address the fundamental conflict between the UTC Class and the Raytheon Class.  Nor do they suggest any cure for their inadequacy to represent the UTC Class given their proposed representation of the adverse Raytheon Class. These failures alone defeat their application to represent both the UTC Class and the Raytheon Class.

STRS and the Annuity Fund's mischaracterization of First New York's application as seeking a "niche" leadership position is equally unavailing.  ECF Nos. 18 at 22; 17 at 6-7.  Members of the UTC Class collectively exchanged more than *800 million* UTC shares in the Merger.  Each member of the UTC Class received less value than they should have on the exchange because of the fraudulently inflated value of the Old Raytheon shares.  The fact that STRS and the Annuity Fund seek to undercut the significance of the claims of the UTC Class by calling them "niche" claims underscores their abject inadequacy to represent the UTC Class.

STRS and the Annuity Fund also miss the point in claiming they are adequate to represent the UTC Class and the Raytheon Class because they each purportedly held shares in both UTC and Raytheon.  ECF Nos. 18 at 12-13; 16 at 7.  A putative representative plaintiff, like STRS and the Annuity Fund, that benefitted from the same conduct that caused injury to other members of the class is *per se* inadequate.  *See, e.g., Brown*, 285 F.R.D. at 558 ("A conflict is 'fundamental' when it goes to the specific issues in controversy, or where, as here, some plaintiffs claim to have been harmed by the same conduct that benefitted other members of the class."); *Lanzarone*, 2006 WL 4393465, at *7 ("the conflict identified by Guardsmark between Plaintiff and the absent class members . . . goes to the heart of the claim presented and therefore precludes certification.").  Here, both STRS and the Annuity Fund substantially benefitted from their holdings of Old Raytheon at the time of the Merger; receiving an outsized interest in the Combined Company at the direct expense of UTC stockholders.  This fundamental conflict renders them *per se*

inadequate and accordingly, neither STRS nor the Annuity Fund can be appointed to represent the UTC Class. *Id*.

The cases cited by STRS and the Annuity Fund are irrelevant for the same reasons. None of those cases involved a "zero-sum" situation like that present here, where two groups of investors sat on opposite sides of the same transaction such that one directly benefitted from the harm caused to the other. Rather, the cited cases concerned a subset of class members whose interests were otherwise aligned, and the core elements of the claims were identical.[1]

Inexplicably, STRS argues that UTC shares were damaged in the same manner as Raytheon shares due to the October 27, 2020 stock drop. ECF No. 18 at 13-14. STRS is wrong. To be sure, the fraudulent inflation of Old Raytheon shares at the time of the Merger was revealed on October 27, 2020, but the injury to the UTC Class occurred when its members exchanged their shares in the Merger on April 3, 2020—not when the stock price dropped on October 27, 2020. That the fraud may have also harmed certain current shareholders of the Combined Company trading post-Merger, as STRS asserts, is irrelevant to the injury suffered by the UTC Class when it exchanged shares in the Merger. It is also irrelevant to the fact that STRS and the Annuity Fund both benefitted from their holdings of fraudulently inflated Old Raytheon shares exchanged in the Merger.

Mr. Francisco's suggestion that First New York may not have standing because the operative class definition in the Related Actions does not include UTC investors (ECF 10 at 7) is equally misplaced. The Related Actions were brought "on behalf of a class consisting of all persons and entities that purchased *or otherwise acquired* Raytheon securities between February 10, 2016 and October 27, 2020, inclusive." ECF 1 ¶ 1. First

---

[1] The only in-Circuit case cited, *Bodri v. GoPro*, did not even allege the presence of a conflict, turning instead on whether the prospective lead plaintiff had standing to represent options investors. No. 16-cv-00232-JST, 2016 WL 1718217, at *6 (N.D. Cal. Apr. 28, 2016). Ironically, *In re New Oriental Educ. & Tech. Grp. Sec. Litig.*, 293 F.R.D. 483, 486-87 (S.D.N.Y. 2013), actually supports First New York's arguments here. The *New Oriental* court severed the option claims due to prejudice created by a lead plaintiff that would "neglect" their claims. The remaining cases cited are equally inapt and do not warrant further discussion here.

New York "*otherwise acquired*" securities of Raytheon Technologies through the April 3, 2020 exchange of UTC shares in the Merger. Accordingly, First New York has standing to prosecute claims in the Related Actions.

Equally misplaced is Mr. Francisco's musings about how damages for the UTC Class should be calculated. ECF 10 at 7. The UTC Class members acquired their Combined Company/Raytheon shares by exchanging their UTC shares in the Merger at a ratio skewed by the fraudulent inflation of the Old Raytheon shares exchanged at the same time. By definition, their acquisition of the Combined Company shares is within the class period. Likewise, by definition, the only requirement for class membership is that they held one of the 800 million UTC shares exchanged in the Merger.

Mr. Francisco is also wrong in arguing that there is any other requirement to establish the Class members were damaged—including erroneously asserting members of the UTC Class were required to hold shares until the end of the class period—and that First New York needed to do more in its certification related to its financial interest in the Merger claims than certify the number of shares exchanged in the Merger.

## CONCLUSION

For the foregoing reasons, First New York respectfully requests that the Court: (1) appoint First New York as Lead Plaintiff for a class consisting of investors that exchanged UTC stock at the time of UTC's April 3, 2020 Merger with Raytheon Company pursuant to 15 U.S.C. § 78u-4(a)(3)(B) (the "UTC Class"); (2) approve First New York's selection of Entwistle & Cappucci LLP as Lead Counsel for the UTC Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); (3) appoint Bonnett Fairbourn Friedman and Balint, PC as local counsel; (4) consolidate the above-captioned Related Actions and coordinate for pre-trial purposes the separate Consolidated Amended Complaints to be filed on behalf of each of the UTC Class and the Raytheon Class (severing those claims from one another as needed); (5) deny all competing motions for appointment as Lead Plaintiff (ECF Nos. 9, 11, 13 and 14) insofar as they seek to represent members of the UTC Class; and (6) grant such other and further relief as the Court may deem just and proper.

Dated: January 19, 2021          Respectfully submitted,

*/s/ Andrew S. Friedman*
Andrew S. Friedman (State Bar No. 005425)
afriedman@bffb.com
BONNETT FAIRBOURN FRIEDMAN & BALINT, PC
2325 E Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: (602) 776-5902

*Local Counsel for Movants FNY Partners Fund LP and FNY Managed Accounts LLC*

Andrew J. Entwistle
(*Pro Hac Vice* submitted)
aentwistle@entwistle-law.com
ENTWISTLE & CAPPUCCI LLP
401 Congress Avenue, Suite 1170
Austin, TX  78701
Telephone: (512) 710-5960

*Counsel for Movants FNY Partners Fund LP and FNY Managed Accounts LLC*