**RUSING LOPEZ & LIZARDI, PLLC**
Mark D. Lammers (AZ # 010335)
6363 North Swan Road, Suite 151
Tucson, AZ 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262
mdlammers@rllaz.com

*Local Counsel for Lead Plaintiff Movant*
*Charles M. Francisco, III*

**KAHN SWICK & FOTI, LLC**
Kim E. Miller (admitted *pro hac vice*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3732
Facsimile: (504) 455-1498
kim.miller@ksfcounsel.com

*Counsel for Lead Plaintiff Movant*
*Charles M. Francisco, III and*
*Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Pranay K. Bajjuri, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> Raytheon Technologies Corporation F/K/A Raytheon Company; Thomas A. Kennedy; Anthony F. O'Brien; and Michael J. Wood, <br><br> Defendants. | Case No. 4:20-cv-00468-TUC-JCH <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF CHARLES M. FRANCISCO, III'S MOTION FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS** |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS

CASE No. 4:20-cv-00468-TUC-JCH

Daniel Norris, Individually and on
Behalf of All Others Similarly Situated,

              Plaintiff,

        v.

Raytheon Technologies Corporation
F/K/A Raytheon Company; Thomas A.
Kennedy; Anthony F. O'Brien; and
Michael J. Wood,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 4:20-cv-00543-TUC-RM

REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN FURTHER SUPPORT OF MOTION
FOR CONSOLIDATION OF CASES, APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD
COUNSEL AND IN OPPOSITION TO THE
COMPETING MOTIONS

CASE NO. 4:20-cv-00468-TUC-JCH

**INTRODUCTION**

Lead Plaintiff movant Charles M. Francisco, III ("Mr. Francisco") respectfully submits this omnibus reply memorandum of law in further support of his motion for consolidation of the related cases, appointment as Lead Plaintiff, and approval of his selection of Lead Counsel, Kahn Swick & Foti, LLC ("KSF"), and in opposition to the competing motions for appointment as lead plaintiff. For all the reasons set forth herein, Mr. Francisco respectfully submits his motion should be granted and all other such motions should be denied.

On January 12, 2020, four opposition briefs were filed in this Court with respect to the various competing motions for appointment, including those by: (i) Mr. Francisco (ECF No. 19); (ii) the FNY Partners Fund LP and FNY Managed Accounts (the "FNY Funds") (ECF No. 17); (iii) Heavy & General Laborers' Locals 472 &172 Annuity Fund (the "H&G Funds") (ECF No. 16); and (iv) State Teachers Retirement System of Ohio ("Ohio Teachers") (ECF No. 18). That same day, Kee Chun Hon ("Mr. Hon"), the only other movant who timely sought appointment as lead plaintiff on December 29, 2020 (ECF No. 10), filed a notice of withdrawal of his motion. *See* ECF No. 15.

As detailed in the briefing and Conformed Loss Charts submitted with Mr. Francisco's opposition, the FNY Funds do not have standing to seek appointment as lead plaintiff and none of the remaining movants sustained losses attributable to the alleged fraud that exceed their respective *gains* on Class Period transactions. *See* ECF No. 19-4 (Conformed Loss Chart of the H&G Funds); ECF No. 19-5 (Conformed Loss Chart of Ohio Teachers); ECF No. 19 at 5. In addition to erroneously including 'losses' from transactions in United Tech common stock in its calculation of financial interest, Ohio Teachers has also now admitted it understated its profit in Raytheon securities during the Class Period by failing to include in its calculation those gains on Raytheon *bonds*. *See* ECF No. 18 at 8. As such, the remaining movants' respective losses and gains in Raytheon securities during the Class Period are as follows:

REPLY MEMORANDUM OF POINTS AND AUTHORITIES   1
IN FURTHER SUPPORT OF MOTION FOR
CONSOLIDATION OF CASES, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND
IN OPPOSITION TO THE COMPETING MOTIONS

CASE No. 4:20-cv-00468-TUC-JCH

| Movant: | LIFO/*Dura* (Loss)/Gain: | Analysis: |
|---|---|---|
| Charles M. Francisco, III | ($34,720.34) | • Presumptive Lead Plaintiff;<br>• Adequate and Typical |
| Ohio Teachers | $3,345,422.73 | • Erroneously Includes 'Losses' in UTX Common Stock in Calculation of Financial Interest;<br>• Concedes Omitting $3,085,219 in Raytheon Bond Profits;<br>• Enjoyed Net Profit from Transactions in RTN/RTX Common Stock |
| H&G Funds | $76,666.02 | • Erroneously Include 'Losses' in UTX Common Stock in Calculation of Financial Interest;<br>• Class Period Gains in Raytheon Bonds Outweigh Minimal Losses on RTN/RTX Common Stock |
| FNY Funds | $0.00 | • No Standing, Transacted Only in UTX Common Stock |

Because Mr. Francisco possesses the greatest financial interest in the litigation and his adequacy and typicality have not and cannot be rebutted, the Court should appoint him Lead Plaintiff and approve his selection of KSF as Lead Counsel.

## ARGUMENT

### I.    OHIO TEACHERS DOES NOT HAVE A MASSIVE LOSS BUT RATHER *PROFITED* DURING THE CLASS PERIOD

#### A.    Ohio Teachers Erroneously Claims Losses for Pre-Merger UTX Securities Not Damaged by the Alleged Fraud and Concedes it Erroneously Excluded Bond Profits

While Ohio Teachers proclaims "[i]t is beyond dispute that [it] possesses the largest financial interest in this litigation," ECF No. 18 at 6, Mr. Francisco has exhaustively detailed that it does not, as the vast majority of its asserted 'losses' are attributable to unrecoverable transactions in United Tech (UTX) common stock. *See* ECF No. 19-5. Ohio Teachers' losses

are also significantly inflated due to their inclusion of unrecoverable losses on 'in-and-out' sales in contravention of *Dura*, failure to net Class Period gains, and failure to include profits on Raytheon bonds. *Id.*

Perhaps recognizing its claim to the 'largest financial interest' is entirely predicated on inclusion of unrecoverable losses in United Tech common stock, Ohio Teachers makes the fantastic claim that "the Complaints in the Related Actions defined the Class in this litigation as acquirers of the securities of Raytheon Technologies Corporation (*i.e.*, RTX) during the Class Period," as opposed to acquirers of "RTN, the Company acquired by UTX." ECF No. 18 at 9-10. This argument ignores the fact that, from the beginning of the Class Period, through April 2, 2020, RTX *did not exist*. Thus, if the Related Actions only defined the class as acquirers of RTX, the Class Period would necessarily begin on April 3, 2020 – the date when the newly merged entity began trading on the NYSE under the ticker symbol "RTX" – which it does not. Rather, the Related Actions define the class as including those investors who purchased: (i) RTN from February 10, 2016, the beginning of the Class Period, through April 2, 2020; and (ii) RTX from April 3, 2020 through October 27, 2020, the end of the Class Period. The Related Actions do *not* include in the class definition purchasers of pre-merger UTX (¶ 1; *Norris*, ¶ 1); and the only reference to United Tech is to note the merger during the Class Period. ¶ 8; *Norris*, ¶ 17; *see infra* at Section II.A. Through this error alone, Ohio Teachers overstated its losses by some $22,626,898. *See* ECF No. 18-2. Ohio Teachers' purported confusion regarding this fundamental fact is especially puzzling given that its counsel, Pomerantz LLP, filed the *Norris* Complaint. *See Norris*, ECF No. 1. Accordingly, Ohio Teachers does not possess the greatest financial interest in the Related Actions.

Because Ohio Teachers does not possess the greatest financial interest in the litigation, it does not enjoy the presumption of the most adequate plaintiff. Nevertheless, consideration of Ohio Teachers' adequacy to serve as lead plaintiff is warranted, given its troubling application, which: (i) erroneously includes 'losses' in United Tech common stock; (ii) failed

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS

3

CASE No. 4:20-cv-00468-TUC-JCH

to identify significant profits from Class Period transactions in Raytheon bonds; (iii) includes unrecoverable losses on 'in-and-out' transactions in contravention of *Dura*; and (iv) fails to net Class Period gains. *See, e.g.*, *Blackie v. Barrack*, 524 F.2d 891, 908-09 (9th Cir. 1975) ("[E]ach purchaser recovers the difference between the inflated price paid and the value received.…If the stock is resold at an inflated price, the purchaser-seller's damages, limited by § 28(a) of the Act, 15 U.S.C. s 78bb(a) to 'actual damages,' must be diminished by the inflation he recovers from his purchaser."); . *Cambridge Ret. Sys. v. Mednax, Inc.*, No. 18-cv-61572, 2018 U.S. Dist. LEXIS 207064, at *13-14 (S.D. Fla. Dec. 6, 2018) (noting that several circuits have adopted a damages model requiring plaintiffs' losses to be netted against profits attributable to the same fraud).

**B.    Ohio Teachers Concedes it Erroneously Excluded Millions in Bond Profits from its Certification and Loss Chart**

Ohio Teachers' adequacy is in serious doubt because it has now admitted the certification it submitted with its motion for appointment was materially inaccurate, erroneously inflating its losses by millions of dollars, as it "did not reflect [Ohio Teachers'] Class Period acquisitions of bonds" or "its Class Period transactions in RTN stock…." ECF No. 18 at 8. Simply put, in addition to the $260,203.73 net profit it enjoyed on Class Period transactions in RTN and RTX common stock (*see* ECF No. 19-5), Ohio Teachers also enjoyed a profit of ***$3,085,219*** on these bonds. *See* ECF No. 18-2. Nevertheless, Ohio Teachers claims this error constitutes a "minor or inadvertent mistake[]" that does "not strike at the heart of Rule 23's adequacy requirement." ECF No. 18 at 11 (quoting *In re SolarCity Corp. Sec. Litig.*, No. 16-cv-04686, 2017 U.S. Dist. LEXIS 11553, at *18 (N.D. Cal. Jan. 25, 2017)). While Mr. Francisco agrees that "minor" errors in certifications are not disqualifying, overstating its loss by an additional $3,085,219 is certainly not 'minor', and instead "indicates a certain carelessness about detail that undermines [Ohio Teachers'] adequacy" to serve as Lead Plaintiff. *Bhojwani v. Pistiolis*, No. 06-cv-13761, 2007 U.S. Dist. LEXIS 96246, at *12

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN FURTHER SUPPORT OF MOTION FOR
CONSOLIDATION OF CASES, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND
IN OPPOSITION TO THE COMPETING MOTIONS

4

CASE No. 4:20-cv-00468-TUC-JCH

(S.D.N.Y. July 30, 2007). In light of the fact that Ohio Teachers has already grossly misrepresented its financial interest in the litigation (initially claiming a loss of $22,626,898 loss on Raytheon securities when it actually enjoyed a $260,203.73 profit, not including the additional $3,085,219 bond profit), this revelation is concerning.

**C.     Ohio Teachers is Inadequate to Represent Class Members that Retained Pre-Merger RTN Common Stock**

As detailed in the Conformed Loss Charts submitted with Mr. Francisco's opposition to the competing motions for appointment, the proper measure of damages for purchasers of shares of RTN common stock uses the price of UTX common stock as of the close of trading on April 2, 2020 – $86.01 – as the per share cost basis of RTN. *See* ECF No. 19 at 10 n.5; ECF No. 19-6 (April 3, 2020 Press Release); ECF No. 19-8 at 23 (Historical Daily Trading Ranges of UTX). By contrast, according to Ohio Teachers, "shares which were converted from [] RTN shares as a consequence of the merger" should be "valued [] at a "purchase price" of $49.93," the closing price of RTX on April 3, 2020, because "[t]his is the precise manner in which [Ohio Teachers] valued its RTN shares acquired and held as of the merger." ECF No. 18 at 10. Employing Mr. Francisco's $86.01 per share valuation is eminently more appropriate, however, as this price reflects the actual value of those shares of UTX common stock RTN shareholders received as a result of the merger *prior* to the market opening on April 3, 2020. *See* ECF No. 19-6 (April 3, 2020 Raytheon Press Release). By contrast, the closing market price on April 3, 2020, $49.93, specifically reflected the market's valuation of the *merged* entity – Raytheon and United Tech – and employing it to value retained shares of pre-merger RTN common stock would eviscerate damages.[1] While the Related Actions are still in their

---

[1] Considering the lookback price as of December 28, 2020 was $67.8698, as Ohio Teachers itself recognizes (*see* ECF No. 18-2), Ohio Teachers' $49.93 per share valuation would mean purchasers of RTN common stock did not sustain any damages from Defendants' alleged fraud, but instead *profited* in the amount of $17.94 per share of RTN purchased ($67.8698 - $49.93 = $17.94). Thus, while Ohio Teachers may have valued its holdings of RTN shares

infancy and no expert economist reports setting forth class-wide damages methodologies have been exchanged, the putative class cannot be saddled with Ohio Teachers' approach at class certification or trial. Ohio Teachers' adequacy to serve as Lead Plaintiff on behalf of purchasers of both pre-merger RTN and post-merger RTX is in doubt because it erroneously suggests that purchases of pre-merger RTN common stock sustained no damages from the alleged fraud, but rather enjoyed a *profit*.[2]

## II.    THE FNY FUNDS SHOULD NOT BE APPOINTED LEAD PLAINTIFF

### A.    The FNY Funds Do Not Possess the Greatest Financial Interest and the Related Actions Do Not Assert Claims on Behalf of Pre-Merger UTX Shareholders

Not only do the FNY Funds not possess the greatest financial interest in the litigation, but they actually have no interest and no standing in the litigation at all. Because the FNY Funds *only* transacted in pre-merger shares of UTX, their recoverable losses in the Related Actions are zero. The FNY Funds, much like Ohio Teachers, appear to have either misread the *Bajjuri* and *Norris* Complaints (collectively, the "Related Actions"), or fundamentally misunderstand the process for seeking appointment as lead plaintiff prescribed under the PSLRA, 15 U.S.C. § 78u-4. The FNY Funds contend the "Related Actions assert clams [sic] on behalf of a class that includes…investors that held shares of UTC [United Technologies Corporation] common stock at the time of the merger," thereby justifying submission of a motion for appointment certifying only that "First New York held 211,761 shares of UTC common stock that were exchanged in the Merger." ECF No. 17 at 1, 6. Tellingly, the FNY

acquired and held as of the merger at $49.93 per share for tax and/or accounting reasons, this methodology is inconsistent with a coherent theory of damages for the alleged fraud.

[2] For the purposes of comparing the competing movants' losses on an 'apples-to-apples' basis, of course, Mr. Francisco utilized the correct $86.01 per share cost basis when recalculating Ohio Teachers' 'losses' in the Conformed Loss Charts. *See* ECF No. 19-5. Thus, even given the benefit of this correct cost basis, Ohio Teachers still realized net gains of $260,203.73 in RTN/RTX common stock. *Id.*

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS

6

CASE NO. 4:20-cv-00468-TUC-JCH

Funds do not cite the Related Actions for this proposition. That is because, of course, neither the *Bajjuri* nor the *Norris* Complaint assert any such claims. Indeed, in their opening motion for appointment, the FNY Funds themselves acknowledged "the Related Actions…do not assert claims on behalf of former UTC shareholders or articulate a theory of damages related to the Merger transaction." ECF No. 12 at 2. This about-face can only be explained as an attempt by the FNY Funds to subvert the PSLRA's lead plaintiff appointment process by seeking appointment in a case for which they do not possess standing by inventing a illusory "sub-class" when that purported subclass is not a part of the class at all.[3]

The *Bajjuri* Complaint plainly alleges it "is a class action on behalf of persons or entities who purchased or otherwise acquired publicly traded *Raytheon securities* between February 10, 2016 and October 27, 2020, inclusive (the "Class Period")." ¶ 1 (emphasis added). The *Bajjuri* Complaint further states that, "[o]n April 3, 2020, United Technologies Corporation

---

[3] Even if the Court were to determine they somehow possess standing, the FNY Funds cannot credibly argue they relied on the alleged misstatements and omissions by *Raytheon*, as they transacted only in United Tech common stock. Thus, as sole purchasers of UTX common stock, the FNY Funds would have to prove Raytheon's misrepresentations (about its own business) somehow artificially inflated *United Tech's* stock prior to the companies consummating the merger on April 3, 2020. Purchasers of UTX common stock will also be unable to prove transaction causation (*e.g.*, but-for the alleged fraud, those United Tech purchasers would not have purchased the stock). Because such arguments would subject the FNY Funds to unique defenses, they are inadequate and atypical to represent the putative class. *See, e.g.*, *In re Daou Sys., Inc.*, 411 F.3d 1006, 1025 (9th Cir. 2005) ("[T]o prove transaction causation, the plaintiff must show that, but for the fraud, the plaintiff would not have engaged in the transaction at issue…."); *Rocco v. Nam Tai Electronics, Inc.*, 245 F.R.D. 131, 136 (S.D.N.Y. 2007) (recognizing that a "plaintiff who is subject to an arguable defense of non-reliance on the market has been held subject to a unique defense, and therefore, atypical of the class"); *O'Neil v. Appel*, 165 F.R.D. 479, 493 (W.D. Mich. 1996) (because "the adequacy prong of Rule 23 overlaps with considerations of typicality," where a proposed class representative is subject to unique defenses on the basis that his "claims are not typical, he also must be deemed an inadequate representative"); *Beck v. Maximus, Inc.*, 457 F.3d 291, 296 (3d Cir. 2006) ("The presence of even an arguable defense peculiar to the [proposed class representative] may destroy the required typicality of the class as well as bring into question the adequacy of the…representative.").

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS

7

CASE No. 4:20-cv-00468-TUC-JCH

and Raytheon Company completed a merger and changed the Company's name to "Raytheon Technologies Corporation" and its common stock symbol to "RTX." Before the merger in April 2020, Raytheon Company traded under the ticker symbol "RTN."" ¶ 8. At no other point is United Tech, let alone United Tech common stock, which previously traded on the NYSE under the ticker symbol "UTX," ever mentioned. Similarly, the *Norris* Complaint asserts it "is a federal securities class action on behalf of a class consisting of all persons and entities that purchased or otherwise acquired *Raytheon securities* between February 10, 2016 and October 27, 2020, inclusive (the "Class Period"). *Norris*, ¶ 1 (emphasis added). Like the *Bajjuri* Complaint, the *Norris* Complaint further explains that, "[o]n April 3, 2020, United Technologies Corporation and Raytheon Company completed a merger and changed the Company's name to "Raytheon Technologies Corporation" and its common stock symbol to "RTX." Before the merger in April 2020, Raytheon Company stock traded under the ticker symbol "RTN."" *Norris*, ¶ 17. As in the *Bajjuri* Complaint, at no other point is United Tech, let alone United Tech common stock, ever mentioned in the *Norris* Complaint.

Nevertheless, if there were any doubt as to the securities and claims at issue, the statutory notice published in *Business Wire* on October 30, 2020 (*see* ECF No. 6-5) should have eliminated the FNY Funds' confusion. Pursuant to 15 U.S.C. 78u-4(a)(3)(A)(i), "[n]o later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published…a notice advising members of the purported plaintiff class," "of the pendency of the action, the claims asserted therein, and the purported class period…." Here, such notice stated "a class action lawsuit [was filed] on behalf of *purchasers of the securities of Raytheon Technologies Corporation f/k/a Raytheon Company (NYSE: RTX, RTN)* between February 10, 2016 and October 27, 2020, inclusive (the "Class Period"). The lawsuit seeks to recover damages for *Raytheon investors* under the federal securities laws." ECF No. 6-5 (emphasis added). Yet again, the statutory notice made no mention of United Tech or UTX stock – and for good reason – the Related Actions *do not* assert claims on behalf of "investors

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN FURTHER SUPPORT OF MOTION FOR
CONSOLIDATION OF CASES, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND
IN OPPOSITION TO THE COMPETING MOTIONS

8

CASE No. 4:20-cv-00468-TUC-JCH

that held shares of UTC [common stock] at the time of the merger" on April 3, 2020, as the FNY Funds erroneously claim. ECF No. 17 at 1. Thus, because the FNY Funds did not purchase or otherwise acquire *Raytheon* securities between February 10, 2016 and October 27, 2020, they do not possess standing, and their motion should be struck from the record.

The FNY Funds seek to pursue claims on behalf of purchasers of United Tech securities. But by its own admission, such claims are of a "fundamentally distinct nature" than those asserted here, would "require *separate* consolidated amended complaints," "involve different elements of proof and different discovery," and would "require the development of different and conflicting damages models." ECF No. 17 at 2 (emphasis added). While the FNY Funds argue these realities militate in favor of appointing them as a "separate" lead plaintiff to represent a discrete "subclass" of non-existent class members in the Related Actions, *id.*, in truth they effectively acknowledge they lack standing in this case, which seeks to recover for harms to purchasers of Raytheon securities.

The Related Actions allege Raytheon and the Individual Defendants, in Raytheon's Form 10-Ks for the fiscal years 2015 through 2019, made materially false and misleading statements and/or failed to disclose that, *inter alia*, Raytheon's inadequate controls and procedures resulted in it misreporting its Missiles & Defense business costs since 2009, and "as a result of the foregoing, Raytheon would face a criminal investigation by the U.S. Department of Justice ("DOJ")...." ¶ 35. Raytheon's merger with United Tech on April 3, 2020 has no bearing on the alleged fraud. To the extent the FNY Funds seek to "articulate a theory of damages related to the merger transaction" on behalf of purchasers of *United Tech securities*, ECF No. 12 at 2, the existing complaints do not do so. Investors who purchased or otherwise acquired United Tech securities prior to the April 3, 2020 merger did not rely on the alleged misstatements and omissions made by Raytheon and the Individual Defendants during the Class Period, they cannot demonstrate the element of reliance, and are therefore inadequate and atypical to represent *this* putative class of investors bringing claims under Sections 10(b)

REPLY MEMORANDUM OF POINTS AND AUTHORITIES    9
IN FURTHER SUPPORT OF MOTION FOR                                      CASE No. 4:20-cv-00468-TUC-JCH
CONSOLIDATION OF CASES, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND
IN OPPOSITION TO THE COMPETING MOTIONS

and 20(a) of the Exchange Act.

### III. THE H&G FUNDS ARE NOT THE PRESUMPTIVE LEAD PLAINTIFF, HAVE PROFITS RATHER THAN LOSSES, AND SHOULD NOT BE APPOINTED LEAD PLAINTIFF

After excluding losses on pre-merger transactions in UTX common stock, the H&G Funds only sustained losses of $9,561.08 on purchases of RTN common stock, all of which were offset by gains on Raytheon bonds during the Class Period, resulting in a net profit of some $76,666.02. *See* ECF No. 19-4. Unlike the FNY Funds and Ohio Teachers, the H&G Funds do not distort the nature of the claims alleged in the Related Actions, but rather admit "[t]he alleged fraud defendants perpetrated is…traced back to Raytheon Company (RTN) before the Merger – not UTX – and continued under Raytheon Technologies Corporation (RTX)." ECF No. 16 at 1-2. "[B]ecause the alleged fraud involves old Raytheon Company (RTN) financial practices during the Class Period," the only shares "impacted by the alleged fraud during the entire Class Period" are: (i) "old Raytheon Company (RTN) shares"; and (ii) "UTX/RTX purchases from the date the Merger was announced through the end of the Class Period…." *Id.* at 3 & n.4. Despite recognizing as much in their opposition briefing, the H&G Funds do not explain why they included transactions in UTX shares prior to the merger date in their calculation of losses. *Compare* ECF No. 13-4 (H&G Funds Certification) and ECF No. 13-5 (H&G Funds Losses) *with* ECF No. 19-4 (Conformed Losses of H&G Funds).

Because the H&G Funds do not possess the greatest financial interest in the litigation, they do not enjoy the presumption of the most adequate plaintiff, and no further consideration of their application for appointment is warranted.

### IV. MR. FRANCISCO SHOULD BE APPOINTED LEAD PLAINTIFF

Because Mr. Francisco possesses the greatest financial interest in the litigation, he enjoys the presumption of the most adequate plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *Cavanaugh*, 306 F.3d at 732. Mr. Francisco suffered losses in this matter of $34,720.34, all in pre-merger RTN common stock, far greater than any remaining competing movant. None of

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS

10

CASE NO. 4:20-cv-00468-TUC-JCH

the other movants challenged Mr. Francisco's claims of adequacy or typicality – nor could they – as he is both adequate and typical.[4] Unlike the other movants, Mr. Francisco's claims and interests are perfectly aligned with the members of the putative class in these Related Actions and he has further demonstrated his adequacy to serve as Lead Plaintiff by selecting KSF, a preeminent law firm that specializes in litigation securities class actions, to serve as Lead Counsel on behalf of the Class. *See* ECF No. 11-7 (KSF Firm Resumé).

## CONCLUSION

For the foregoing reasons, Charles M. Francisco, III respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint him as Lead Plaintiff pursuant to §15 U.S.C. § 78u-4(a)(3)(B); and (3) approve his selection of KSF as Lead Counsel for the Class.

DATED: January 19, 2021                     Respectfully submitted,

*/s/ Kim E. Miller*
**KAHN SWICK & FOTI, LLC**
Kim E. Miller (admitted *pro hac vice*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3732
Facsimile: (504) 455-1498
kim.miller@ksfcounsel.com

---

[4] Contrary to Ohio Teachers' assertions, moreover, the PSLRA does not contain any preference for institutional investors. *See, e.g.*, *In re Cavanaugh*, 306 F.3d 726, 737 (9th Cir. 2002) (requiring district courts to "select the plaintiff it believes is the most sophisticated investor available…would put the legislative history cart before the statutory text horse"); *Steiner v. Aurora Foods, Inc.,* No. 00-cv-0602, 2000 U.S. Dist. LEXIS 20341, at *14 (N.D. Cal. June 5, 2000) ("[T]he PSLRA does not limit the presumption of most adequate plaintiff to institutional investors."). While Mr. Francisco is an experienced and capable lead plaintiff (*see* ECF No. 19 at 12), it is the simple fact that he has the largest financial interest in the litigation and meets the adequacy and typicality requirements to serve as the Lead Plaintiff that render him the movant whose Lead Plaintiff application should be granted.

*Counsel for Lead Plaintiff Movant*
*Charles M. Francisco, III and*
*Proposed Lead Counsel for the Class*

**RUSING LOPEZ & LIZARDI, PLLC**
Mark D. Lammers (AZ # 010335)
6363 North Swan Road, Suite 151
Tucson, AZ 85718
Telephone: (520) 792-4800
Facsimile: (520)529-4262
mdlammers@rllaz.com

*Local Counsel for Lead Plaintiff Movant*
*Charles M. Francisco, III*

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN FURTHER SUPPORT OF MOTION FOR
CONSOLIDATION OF CASES, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND
IN OPPOSITION TO THE COMPETING MOTIONS

12

CASE No. 4:20-cv-00468-TUC-JCH

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*/s/ Kim E. Miller*
Kim E. Miller

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION FOR CONSOLIDATION OF CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS

CASE NO. 4:20-cv-00468-TUC-JCH