HART L. ROBINOVITCH (AZ SBN 020910)
**ZIMMERMAN REED LLP**
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ  85254-2762
Telephone: 480/348-6400
Facsimile: 480/348-6415
Email: hart.robinovitch@zimmreed.com

Local Counsel for [Proposed] Lead Plaintiff

**ROBBINS GELLER RUDMAN & DOWD LLP**
DANIELLE S. MYERS
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
Facsimile: 619/231-7423 (fax)
Email: dmyers@rgrdlaw.com
         jcaringal@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Pranay K. Bajjuri, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> Raytheon Technologies Corporation f/k/a Raytheon Company, et al., <br><br> Defendants. | No. CV-20-00468-TUC-JCH <br><br> **PROPOSED LEAD PLAINTIFF HEAVY & GENERAL LABORERS' LOCALS 472 & 172 ANNUITY FUND'S SUPPLEMENTAL REPLY TO FRANCISCO'S OPPOSITION (ECF NO. 12)** <br><br> CLASS ACTION <br><br> (Assigned to the Honorable John C. Hinderaker) |

[Caption continued on following page.]

Daniel Norris, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

Raytheon Technologies Corporation f/k/a Raytheon Company, et al.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. CV-20-00543-TUC-RM

CLASS ACTION

(Assigned to the Honorable Rosemary Marquez)

Mr. Francisco's contention that he claims to have suffered a larger loss than the Annuity Fund's loss is wrong. *First*, the action is not limited to just Raytheon stock. ECF No. 12 at 1. As the complaints unambiguously allege, the action is on behalf of purchasers of both Raytheon (RTN) and United Technologies (UTX/RTX) stock during the Class Period. *See* ECF No. 16 at 1-4. *Second*, the class is not limited to just purchasers of UTX/RTX stock from the day the merger was consummated (April 3, 2020) through October 27, 2020, but from the announcement of the merger (June 9, 2019) through October 27, 2020. *Id.* *Third*, like STRS, Mr. Francisco did not account for the two spinoffs in performing his loss calculation, and compounded that error by improperly valuing the shares received in the merger at $86.01 (the closing UTX price on April 2, 2020, the day *before* the merger closed, without accounting for the spinoffs) rather than $49.93 (the closing RTX price on April 3, 2020, the day *of* the merger closing, accounting for the spinoffs).[1] When the proper $49.93 per share value is applied to the RTX shares Mr. Francisco received in the merger – his only Class Period acquisition – his financial interest is actually a $34,336 *gain*, not a $34,720.34 *loss* (*see* ECF No. 6-4), because the held price Mr. Francisco ascribes to those shares is $67.87 per share – nearly $20 higher than the basis.[2] And *finally*, even assuming Mr. Francisco's "*Dura* method" was proper at this early procedural stage,[3] his calculation is wrong because he illogically excluded losses

---

[1] There is no question that April 3, 2020 is the proper date to use for the closing of the merger, including accounting for the spin-offs which was a requisite for closing. *See* https://www.sec.gov/Archives/edgar/data/101829/000114036120007906/nc10010681x1_ex99-1.htm (last visited Jan. 22, 2021) (press release announcing on April 3, 2020 that "Raytheon Technologies Corporation (NYSE: RTX) announced the successful completion of the all-stock merger of equals transaction between Raytheon Company and United Technologies Corporation on April 3, 2020, following the completion by United Technologies of its previously announced spin-offs of its Carrier and Otis businesses.").

[2] Even if April 2, 2020 is viewed as the correct date, the value of the RTX shares received – accounting for the spin-offs – is $50.73 per share and would still result in a gain.

[3] *See generally In re Twitter Inc. Sec. Litig.*, 326 F.R.D. 619, 625 (N.D. Cal. 2018) (noting that "'*Dura* only relates to how loss causation needs to be pled in the complaint'" and that "*Dura* does not affect the class definition at the class certification stage'" and holding that "[e]xcluding in-and-out traders at this stage, prior to the completion of discovery, would be 'premature' because the plaintiffs 'may prove that some of the truth leaked out prior to the corrective disclosures and caused injury at an earlier date'") (quoting *McGuire v. Dendreon Corp.*, 267 F.R.D. 690, 698-99 (W.D. Wash. 2010) (declining to

while including gains before an alleged disclosure; if pre-disclosure transactions are irrelevant, then *all* must be excluded, not just those cherry-picked transactions that result in artificially deflating the Annuity Fund's losses.  Making matters worse, Mr. Francisco's calculation for the Annuity Fund included UTX bonds acquired before the Merger even though Mr. Francisco claims those securities aren't relevant.  He cannot have it both ways.

In conclusion, Mr. Francisco experienced a *gain* on his Raytheon investment during the Class Period, not a loss.  Moreover, Mr. Francisco's illogical *Dura* method, which (1) ignores losses but includes gains, (2) includes some but not all UTX securities, (3) fails to adjust the price for the two spin-offs, and (4) fails to use the proper closing date to value the shares received in the Merger, lacks any support in fact (let alone law).  Consequently, Mr. Francisco's contention that he possesses a greater financial interest than the Annuity Fund should be disregarded.

DATED:  January 22, 2021

Respectfully submitted,

**ZIMMERMAN REED LLP**
HART L. ROBINOVITCH (AZ SBN 020910)

*s/ Hart L. Robinovitch*
HART L. ROBINOVITCH

14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ  85254-2762
Telephone: 480/348-6400
Facsimile: 480/348-6415
Email: hart.robinovitch@zimmreed.com

Local Counsel for [Proposed] Lead Plaintiff

---

exclude in-and-out traders at the class certification stage after surveying the cases because "in-and-out traders could prove that they suffered a loss when they sold their shares because they only purchased the stock due to the misrepresentation")).

**ROBBINS GELLER RUDMAN & DOWD LLP**
DANIELLE S. MYERS
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
Facsimile: 619/231-7423 (fax)
Email: dmyers@rgrdlaw.com
         jcaringal@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff