Jeffrey Willis (ASB #004870)
Cory L. Braddock (ASB #024668)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren St., Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Email:  jwillis@swlaw.com
          cbraddock@swlaw.com

William Savitt (admitted *pro hac vice*)
Graham W. Meli (admitted *pro hac vice*)
Adam L. Goodman (admitted *pro hac vice*)
Simon J. Williams (admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 W. 52nd St.
New York, New York  10019
Telephone:  212.403.1000
Email:  WDSavitt@wlrk.com
          GWMeli@wlrk.com
          ALGoodman@wlrk.com
          SJWilliams@wlrk.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Pranay K. Bajjuri, et al., | No. 4:20-cv-00468-TUC-JCH |
|---|---|
| Plaintiffs, | |
| v. | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT** |
| Raytheon Technologies Corporation, et al., | |
| Defendants. | |

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

In support of their Motion to Dismiss the Consolidated Class Action Complaint (the "Complaint"), defendants Raytheon Technologies Corporation, Thomas A. Kennedy, Anthony F. O'Brien, and Michael J. Wood respectfully request that the Court consider certain documents under the doctrine of incorporation by reference or take judicial notice of such documents, as set forth herein.  Citations to "Ex." refer to the exhibits to the Declaration of Cory L. Braddock.

**ARGUMENT**

When evaluating a motion to dismiss a securities fraud complaint, courts consider the complaint, as well as other sources ordinarily examined at the pleadings stage, including "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc.* v. *Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).  These two procedures—incorporation by reference and judicial notice— "permit district courts to consider materials outside a complaint." *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  As set forth below, defendants submit several documents that are incorporated into the Complaint or are proper subjects of judicial notice (or both) and respectfully request that the Court consider these documents in connection with defendants' motion to dismiss.

**I.    The Court should consider the full text of documents incorporated by reference into the Complaint.**

Incorporation by reference is a judicial doctrine that "treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002.  The doctrine is designed to prevent "artful pleading" and to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id*. (citation omitted).  When ruling on a motion to dismiss, courts may thus consider the "full text" of incorporated documents, including portions not mentioned in the complaint. *In re Progenity, Inc.*, 2021 WL 3929708, at *4 (S.D. Cal. Sept. 1, 2021) (citation omitted).  When a document is incorporated, "the entire document is assumed to be true for purposes of a motion to

dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted).

A document is incorporated if the complaint refers to it "extensively"—which "should, ordinarily at least, mean more than once," *Khoja*, 899 F.3d at 1002—or if the document "forms the basis of the plaintiff's claim." *United States* v. *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Morales-Garcia* v. *Higuera Farms, Inc.*, 2019 WL 4284512, at *1 (C.D. Cal. May 9, 2019).

The incorporation-by-reference doctrine commonly applies in securities fraud actions, "when a plaintiff's claim about stock fraud is based on the contents of SEC filings." *Ritchie*, 342 F.3d at 908. In such cases, courts routinely incorporate, among other documents, public filings and earnings call transcripts relied on in the complaint. *See, e.g.*, *Park* v. *GoPro, Inc.*, 2019 WL 1231175, at *5–6 (N.D. Cal. Mar. 15, 2019) (incorporating annual and quarterly SEC filings, earnings call transcript, and press releases); *McGovney* v. *Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1050–51 (N.D. Cal. 2019) (considering earnings call transcripts and quarterly SEC filing).

Accordingly, defendants respectfully request that the Court consider the following documents incorporated by reference in the Complaint:[1]

1.    **Exhibits 1, 4, and 5** comprise three separate public filings: Raytheon Company's Form 10-K for the fiscal year ended December 31, 2019, filed with the SEC on February 12, 2020 (Ex. 1); Raytheon Company's Form 10-Q for the third quarter of 2019, filed with the SEC on October 24, 2019 (Ex. 4); and Raytheon Technologies Corporation's Form 10-Q for the second quarter of 2020, filed with the SEC on July 29, 2020 (Ex. 5). The Complaint makes numerous references to each filing, *see* Compl. ¶¶ 35–37, 39, 57, 70, 244–54 (Ex. 1), ¶¶ 234–43 (Ex. 4), ¶¶ 255–62 (Ex. 5). In addition,

---

[1] The exhibits discussed here and attached to the Declaration of Cory L. Braddock reflect only a subset of the documents on which plaintiff relies. The Complaint cites additional SEC filings during the alleged class period, *see generally* Compl. ¶¶ 89–262, which are incorporated into the Complaint for the same reasons discussed herein.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

because plaintiff alleges that each document contains false and misleading representations regarding the company's disclosures and internal control over financial reporting, the documents form the basis of plaintiff's claims. *See Park*, 2019 WL 1231175, at *6.

2.    **Exhibit 2** is Raytheon Technologies Corporation's Form 10-Q for the third quarter of 2020, filed with the SEC on October 27, 2020.  The Complaint makes frequent references to this filing, *see* Compl. ¶¶ 8, 86, 263.  Because the Complaint alleges that this document "revealed the truth after the [allegedly] misleading statements," plaintiff also relies on it "to form [its] allegations." *Park*, 2019 WL 1231175, at *6.

3.    **Exhibit 3** is Raytheon Technologies Corporation's Form 10-K for the fiscal year ended December 31, 2020, filed with the SEC on February 8, 2021.  The Complaint makes multiple references to this filing when describing the company's disclosures regarding internal control over financial reporting, *see* Compl. ¶¶ 69–71.  These references, which quote and summarize alleged statements in the filing, are sufficiently extensive for the document to be deemed incorporated by reference.  *See Khoja*, 899 F.3d at 1002; *Aerohive*, 367 F. Supp. 3d at 1051.

4.    **Exhibit 8** is Raytheon Technologies Corporation's Form 10-Q for the first quarter of 2021, filed with the SEC on April 27, 2021.  The Complaint makes frequent references to this filing, *see* Compl. ¶¶ 10, 87, 268.  The Complaint also relies on this document for the purported purpose of pleading securities fraud, and as such it forms the basis of plaintiff's allegations.  *Park*, 2019 WL 1231175, at *6.

5.    **Exhibit 9** is a transcript of Raytheon Technologies Corporation's earnings call for the first quarter of 2021, dated April 27, 2021.  The Complaint makes frequent references to this transcript, *see* Compl. ¶¶ 10, 88, 269–71.  In addition, because the Complaint also relies on this document for the purported purpose of pleading securities fraud, it forms the basis of plaintiff's allegations.  *Park*, 2019 WL 1231175, at *6.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

6.    **Exhibit 10** is the Form 3 filed with the SEC on behalf of defendant Anthony O'Brien on March 9, 2015.[2]  Although the Complaint does not expressly cite this particular document, it makes allegations regarding O'Brien's sales of company stock.  *See* Compl. ¶¶ 11, 274.  In such circumstances, courts have incorporated documents into the complaint where plaintiff "clearly gleaned from the SEC Form 3 and 4 filings many of the facts regarding the officers' stock sales."  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *abrogated in part on other grounds by Tellabs*, 551 U.S. 308 (2007); *see also City of Royal Oak Ret. Sys.* v. *Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) (incorporating SEC Forms 4 because scienter allegations "rel[ied] expressly on [defendants'] stock sales, which is information disclosed to the public" through those forms).

## II.    The Court also may take judicial notice of documents cited in the motion to dismiss.

In securities fraud cases, courts routinely take judicial notice of publicly available financial documents, including SEC filings and a company's reported stock price history.  *See Metzler Inv. GMBH* v. *Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); Fed. R. Evid. 201(b)(2).  Accordingly, defendants respectfully request that the Court take judicial notice of the following documents:

1.    **Exhibits 1, 2, 3, 4, 5, 8, and 10** are public filings with the SEC and thus subject to judicial notice, in addition to being incorporated into the Complaint.  *See Metzler*, 540 F.3d at 1064 n.7; *see also SEB Inv. Mgmt. AB* v. *Symantec Corp.*, 2019 WL 2491935, at *11 (N.D. Cal. June 14, 2019) (taking judicial notice of individual defendants' Forms 3).

---

[2] Section 16(a) of the Exchange Act requires SEC Form 3 to be filed "within 10 days" after an individual becomes an "officer" of an issuing company.  *See* 15 U.S.C. § 78p(a)(1), (2)(B); 17 C.F.R. § 240.16a-3(a).  Subsequent changes in an officer's stock holdings are then reported on SEC Form 4.  *See* 17 C.F.R. § 240.16a-3(a).

-4-

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

2.    **Exhibits 6 and 9** are transcripts of Raytheon Technologies Corporation's earnings calls for, respectively, the third quarter of 2020 (dated October 27, 2020) and the first quarter of 2021 (dated April 27, 2021).  Transcripts of earnings calls, "the accuracy of which is not reasonably subject to dispute," are judicially noticeable.  *Wochos* v. *Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018).  As a result, the Court may take judicial notice of these documents to show disclosure of information to the market.  *See id*.

3.    **Exhibit 7** shows the historical stock prices of Raytheon Technologies Corporation, from April 3, 2020 to March 18, 2022, as downloaded from Yahoo! Finance.  Because a public company's "historical stock prices can be readily ascertained and those prices are not subject to reasonable dispute, courts routinely take judicial notice of them."  *Okla. Firefighters Pension & Ret. Sys.* v. *IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014).  For the same reason, the Court may consider the information contained in Appendix A, attached to defendants' motion to dismiss.  Appendix A is a graphical representation of the same stock price data downloaded from Yahoo! Finance.  *See Okla. Firefighters Pension & Ret. Sys.* v. *IXIA*, 2015 WL 1775221, at *17 (C.D. Cal. Apr. 14, 2015) (considering appendices summarizing data from SEC filings, under Federal Rule of Evidence 1006).

**CONCLUSION**

For the foregoing reasons, the Court should consider under the doctrine of incorporation by reference or take judicial notice of the above-referenced documents.

Dated this 21st day of March, 2022.

SNELL & WILMER L.L.P.

*/s/ Cory L. Braddock*

Jeffrey Willis
Cory L. Braddock
One Arizona Center
400 E. Van Buren St., Suite 1900
Phoenix, Arizona  85004-2202

William Savitt (admitted *pro hac vice*)
Graham W. Meli (admitted *pro hac vice*)
Adam L. Goodman (admitted *pro hac vice*)
Simon J. Williams (admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 W. 52nd St.
New York, New York  10019

*Attorneys for Defendants*

-6-

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on March 21, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served electronically through the CM/ECF system to all counsel of record.

SNELL & WILMER L.L.P.

*/s/ Cory L. Braddock*
Cory L. Braddock
One Arizona Center
400 E. Van Buren St., Suite 1900
Phoenix, Arizona  85004-2202