Jeffrey Willis (ASB #004870)
Cory L. Braddock (ASB #024668)
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Email: jwillis@swlaw.com
       cbraddock@swlaw.com

William Savitt (admitted *pro hac vice*)
Graham W. Meli (admitted *pro hac vice*)
Adam L. Goodman (admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 W. 52nd St.
New York, New York 10019
Telephone: 212.403.1000
Email: WDSavitt@wlrk.com
       GWMeli@wlrk.com
       ALGoodman@wlrk.com

*Attorneys for Defendants*

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2202
602.382.6000

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pranay K. Bajjuri, et al., | No. 4:20-cv-00468-TUC-JCH |
| Plaintiffs, | |
| v. | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE SECOND CONSOLIDATED CLASS ACTION COMPLAINT** |
| Raytheon Technologies Corporation, et al., | |
| Defendants. | |

Snell & Wilmer

L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2202
602.382.6000

In support of their Motion to Dismiss the Second Consolidated Class Action Complaint (the "Second Amended Complaint," ECF No. 56), defendants Raytheon Technologies Corporation, Thomas A. Kennedy, Anthony F. O'Brien, and Michael J. Wood respectfully request that the Court consider certain documents under the doctrine of incorporation by reference or take judicial notice of such documents, as set forth herein. Citations to "Ex." refer to the exhibits to the Second Declaration of Cory L. Braddock.

This request concerns seventeen exhibits. Ten of the exhibits were the subject of defendants' request for judicial notice, ECF No. 42, filed concurrently with its first motion to dismiss. The Court granted that request—which plaintiff did not oppose—in its entirety. *See* ECF No. 55 ("Op.") at 4–5, 45. The ten previously considered exhibits consist of "public SEC filings," "transcripts of earnings calls," and historical stock prices. *Id.* at 4. Six of the seven additional exhibits at issue on this motion fall into these categories as well. The other is a news article quoted in the Second Amended Complaint. The Court may properly consider each of these documents on a motion to dismiss.[1]

## ARGUMENT

When evaluating a motion to dismiss a securities fraud complaint, courts consider the complaint, as well as other sources ordinarily examined at the pleadings stage, including "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc.* v. *Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). These two doctrines—incorporation by reference and judicial notice— "permit district courts to consider materials outside a complaint." *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). As set forth below, defendants' motion to dismiss cites documents that are incorporated into the Second Amended Complaint or are proper subjects of judicial notice (or both). Defendants respectfully request that the Court consider each of these documents in connection with the motion.

---

[1] Exhibits 1–10 to the Declaration of Cory L. Braddock correspond to the first ten exhibits to defendants' previous request for judicial notice, ECF Nos. 41-2 to 41-11.

Snell & Wilmer

L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2202
602.382.6000

**I.      The Court should consider the full text of documents incorporated by reference into the Second Amended Complaint.**

Incorporation by reference is a judicial doctrine that "treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002.  The doctrine is designed to prevent "artful pleading" and to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002–03 (citation omitted). When ruling on a motion to dismiss, courts thus may consider the "full text" of incorporated documents, including portions not mentioned in the complaint. *In re Progenity, Inc.*, 2021 WL 3929708, at *4 (S.D. Cal. Sept. 1, 2021) (citation omitted). When a document is incorporated, "the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted).

A document is incorporated if the complaint refers to it "extensively"—which "should, ordinarily at least, mean more than once," *Khoja*, 899 F.3d at 1002—or if the document "forms the basis of the plaintiff's claim." *United States* v. *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Morales-Garcia* v. *Higuera Farms, Inc.*, 2019 WL 4284512, at *1 (C.D. Cal. May 9, 2019).

The incorporation-by-reference doctrine commonly applies in securities fraud actions "when a plaintiff's claim about stock fraud is based on the contents of SEC filings." *Ritchie*, 342 F.3d at 908.  In such cases, courts routinely incorporate, among other documents, public filings and earnings call transcripts relied on in the complaint. *See, e.g.*, *Park* v. *GoPro, Inc.*, 2019 WL 1231175, at *5–6 (N.D. Cal. Mar. 15, 2019) (incorporating annual and quarterly SEC filings, earnings call transcript, and press releases); *McGovney* v. *Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1050–51 (N.D. Cal. 2019) (considering earnings call transcripts and quarterly SEC filing).

Accordingly, defendants respectfully request that the Court consider the following documents incorporated by reference in the Second Amended Complaint:[2]

1.      **Exhibits 1, 4, and 5** comprise three separate public filings:  Raytheon Company's Form 10-K for the fiscal year ended December 31, 2019, filed with the SEC on February 12, 2020 (Ex. 1); Raytheon Company's Form 10-Q for the third quarter of 2019, filed with the SEC on October 24, 2019 (Ex. 4); and Raytheon Technologies Corporation's Form 10-Q for the second quarter of 2020, filed with the SEC on July 29, 2020 (Ex. 5).  The Second Amended Complaint makes numerous references to each filing, *see* SAC ¶¶ 36–38, 40, 59, 87, 104, 285–98 (Ex. 1), ¶¶ 275–84 (Ex. 4), ¶¶ 300–07, 316 (Ex. 5).  In addition, because plaintiff alleges that each document contains false and misleading representations regarding the company's disclosures and internal control over financial reporting, the documents form the basis of plaintiff's claims.  *See Park*, 2019 WL 1231175, at *6.  The Court considered all three exhibits in dismissing plaintiff's previous complaint.  *See* Op. 4–5, 10, 21, 29, 30, 42.

2.      **Exhibit 2** is Raytheon Technologies Corporation's Form 10-Q for the third quarter of 2020, filed with the SEC on October 27, 2020.  The Second Amended Complaint makes frequent references to this filing, *see* SAC ¶¶ 9, 123, 308, 316.  Because the Second Amended Complaint alleges that this document "revealed the truth after the [allegedly] misleading statements," plaintiff also relies on it "to form [its] allegations." *Park*, 2019 WL 1231175, at *6.  The Court considered Exhibit 2 in dismissing plaintiff's previous complaint.  *See* Op. 4–5, 8, 20, 21.

3.      **Exhibit 3** is Raytheon Technologies Corporation's Form 10-K for the fiscal year ended December 31, 2020, filed with the SEC on February 8, 2021.  The Second Amended Complaint makes multiple references to this filing when describing the company's disclosures regarding internal control over financial reporting, *see* SAC

---

[2] In addition to the exhibits at issue on this motion, the Second Amended Complaint cites additional SEC filings, *see generally* SAC ¶¶ 104, 126–307, which are incorporated into the Second Amended Complaint for the same reasons discussed herein.

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2202
602.382.6000

¶¶ 103–05. These references, which quote and summarize alleged statements in the filing, are sufficiently extensive for the document to be deemed incorporated by reference. *See Khoja*, 899 F.3d at 1002; *Aerohive*, 367 F. Supp. 3d at 1051. The Court considered Exhibit 3 in dismissing plaintiff's previous complaint. *See* Op. 4–5.

4.     **Exhibit 8** is Raytheon Technologies Corporation's Form 10-Q for the first quarter of 2021, filed with the SEC on April 27, 2021. The Second Amended Complaint makes frequent references to this filing, *see* SAC ¶¶ 11, 124, 319. The Second Amended Complaint also relies on this document for the purported purpose of pleading securities fraud, and as such it forms the basis of plaintiff's allegations. *Park*, 2019 WL 1231175, at *6. The Court considered Exhibit 8 in dismissing plaintiff's previous complaint. *See* Op. 4–5, 8.

5.     **Exhibits 6, 9 and 11** are transcripts of Raytheon Technologies Corporation's earnings calls for, respectively, the third quarter of 2020 (dated October 27, 2020), the first quarter of 2021 (dated April 27, 2021), and the fourth quarter of 2021 (dated January 25, 2022). The Second Amended Complaint makes frequent references to these transcripts, *see* SAC ¶ 315 (Ex. 6), ¶¶ 11, 125, 320–22 (Ex. 9), ¶ 76 (Ex. 11). In addition, because the Second Amended Complaint also relies on these documents for the purported purpose of pleading securities fraud, they form the basis of plaintiff's allegations. *Park*, 2019 WL 1231175, at *6. The Court considered Exhibits 6 and 9 in dismissing plaintiff's previous complaint. *See* Op. 4–5, 8, 21, 42.

6.     **Exhibits 10, 13, 14, and 15** are four separate public filings with the SEC that disclose stock sales and holdings. Exhibits 13 and 14 are Forms 4 filed with the SEC on behalf of defendant Thomas Kennedy on September 14, 2015 and October 30, 2020, respectively.[3] Exhibits 10 and 15 are a Form 3 and a Form 4 filed with the SEC on behalf

---

[3] Section 16(a) of the Exchange Act requires SEC Form 3 to be filed "within 10 days" after an individual becomes an "officer" of an issuing company. *See* 15 U.S.C. § 78p(a)(1), (2)(B); 17 C.F.R. § 240.16a-3(a). Subsequent changes in an officer's stock holdings are then reported on SEC Form 4. *See* 17 C.F.R. § 240.16a-3(a).

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2202
602.382.6000

of defendant Anthony O'Brien on March 9, 2015 and September 16, 2020, respectively. Although the Second Amended Complaint does not expressly cite these particular documents, it makes allegations regarding stock sales by both Kennedy, *see* SAC ¶¶ 12, 314, 323–25, and O'Brien, *see* SAC ¶¶ 12, 323, 326–28.  Courts routinely incorporate such documents into the complaint where, as here, plaintiff "clearly gleaned from the SEC Form 3 and 4 filings many of the facts regarding the officers' stock sales." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *abrogated in part on other grounds by Tellabs*, 551 U.S. 308 (2007); *see also City of Royal Oak Ret. Sys.* v. *Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) (incorporating SEC Forms 4 because scienter allegations "rel[ied] expressly on [defendants'] stock sales, which is information disclosed to the public" through those forms).  The Court considered Exhibit 10 in dismissing plaintiff's previous complaint.  *See* Op. 4–5.

7.    **Exhibit 17** is a news story published on October 28, 2020 by Bloomberg News.  The Second Amended Complaint expressly cites and quotes from this story.  SAC ¶ 310.  Both defendants and the Court are thus "free to refer to any of its contents." *See, e.g.*, *In re NVIDIA*, 768 F.3d at 1058 n.10; *In re Progenity,* 2021 WL 3929708, at *3–4.  In addition, because the Second Amended Complaint also relies on this document for the purported purpose of pleading securities fraud, it forms the basis of plaintiff's allegations. *Park*, 2019 WL 1231175, at *6.

## II.    The Court also may take judicial notice of documents cited in the motion to dismiss.

In securities fraud cases, courts routinely take judicial notice of publicly available financial documents, including SEC filings, earnings call transcripts, and reported stock price histories.  *See Metzler Inv. GMBH* v. *Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Wochos* v. *Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018); Fed. R. Evid. 201(b)(2).  Accordingly, defendants respectfully request that the Court take judicial notice of the following documents:

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2202
602.382.6000

*1.*    **Exhibits 1–5, 8, 10, and 12–15** are public filings with the SEC and thus subject to judicial notice.  *See Metzler*, 540 F.3d at 1064 n.7; *see also SEB Inv. Mgmt. AB* v. *Symantec Corp.*, 2019 WL 2491935, at *11 (N.D. Cal. June 14, 2019) (taking judicial notice of individual defendants' Forms 3).  In addition, as set forth above, Exhibits 1–5, 8, 10, and 13–15 are also incorporated into the Second Amended Complaint.  The Court considered Exhibits 1–5, 8, and 10 in dismissing plaintiff's previous complaint.  *See* Op. 4–5, 8, 10, 20, 21, 29, 30, 42.

*2.*    **Exhibits 6, 9, and 11** are transcripts of Raytheon Technologies Corporation's earnings calls for, respectively, the third quarter of 2020 (dated October 27, 2020), the first quarter of 2021 (dated April 27, 2021), and the fourth quarter of 2021 (dated January 25, 2022).  Transcripts of earnings calls, "the accuracy of which is not reasonably subject to dispute," are judicially noticeable.  *Wochos* v. *Tesla, Inc.*, 2018 WL 4076437, at *2.  As a result, the Court may take judicial notice of these documents to show disclosure of information to the market.  *See id*.  In addition, as set forth above, Exhibits 6, 9, and 11 are also incorporated into the Second Amended Complaint. The Court considered Exhibits 6 and 9 in dismissing plaintiff's previous complaint.  *See* Op. 4–5, 8, 21, 42.

3.    **Exhibit 7 and 16** show, respectively, the historical stock prices of Raytheon Technologies Corporation, from April 3, 2020 to January 18, 2023 (as downloaded from Yahoo! Finance) and the historical performance of the S&P Aerospace & Defense Select Index (as downloaded from Market Watch).  Because a public company's "historical stock prices can be readily ascertained and those prices are not subject to reasonable dispute, courts routinely take judicial notice of them." *Okla. Firefighters Pension & Ret. Sys.* v. *IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014).  Appendix A, attached to defendants' motion to dismiss, is a graphical representation of the stock price data appearing in Exhibit 7; the Court may consider the information contained in Appendix A for the same reasons it may consider Exhibit 7.  *See Okla. Firefighters Pension & Ret. Sys.* v. *IXIA*, 2015 WL 1775221, at *17 (C.D. Cal. Apr. 14, 2015) (considering appendices

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2202
602.382.6000

summarizing data from SEC filings under Federal Rule of Evidence 1006).  Historical S&P sector index price performance, like individual stock performance, can be readily ascertained and is not subject to reasonable dispute; accordingly, it is also subject to judicial notice.  *See, e.g., Lloyd* v. *CVB Fin. Corp.*, 2012 WL 12883522, at \*13 (C.D. Cal. Jan. 12, 2012) (stating that courts may "take[] judicial notice of stock price indexes"); *In re Avista Corp. Sec. Litig.*, 415 F. Supp. 2d 1214, 1217–18 (E.D. Wash. 2005) (taking judicial notice of the Dow Jones Utility Average).  Moreover, the Second Amended Complaint expressly cites and incorporates the historical performance of the S&P Aerospace & Defense Select Index.  SAC ¶ 317.  The Court considered a version of Exhibit 7 in dismissing plaintiff's previous complaint, and defendants have updated this exhibit to include more recent stock prices.  *See* Op. 4–5, 42–43.

## CONCLUSION

For the foregoing reasons, the Court should consider under the doctrine of incorporation by reference or take judicial notice of the above-referenced documents.

Dated this 19th day of January, 2023.

SNELL & WILMER L.L.P.

*/s/ Cory L. Braddock*

Jeffrey Willis
Cory L. Braddock
One East Washington Street, Suite 2700
Phoenix, Arizona  85004

William Savitt (admitted *pro hac vice*)
Graham W. Meli (admitted *pro hac vice*)
Adam L. Goodman (admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 W. 52nd St.
New York, New York  10019

*Attorneys for Defendants*

-7-

<div style="margin-left:left">
Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona  85004-2202
602.382.6000
</div>

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 19, 2023 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served electronically through the CM/ECF system to all counsel of record.

SNELL & WILMER L.L.P.

*/s/ Cory L. Braddock*
Cory L. Braddock
One East Washington Street, Suite 2700
Phoenix, Arizona  85004